## STATE v. ED. M. WEST.

No. 2389.  Opinion Filed April 20, 1918.

(171 Pac. 1128.)

OFFICERS—Misappropriation of Public Moneys—Sufficiency of Indictment. An indictment charging a county treasurer with receiving interest and profit arising from the use of public funds in his hands as such treasurer **held** sufficient, and that the court below erred in sustaining the defendant's demurrer thereto.

*Appeal from District Court, Caddo County;*

*J. T. Johnson, Judge.*

Ed. M. West was indicted for receiving interest and profits arising from the use of public funds in his hands

as county treasurer, and, from a judgment sustaining a demurrer to the indictment, the State appeals. Reversed and remanded.

*S. P. Freeling,* Atty. Gen., *R. McMillan,* Asst. Atty. Gen., and *G. C. Wamsley,* Co. Atty., for the State.

*A. J. Morris,* for defendant in error.

DOYLE, P. J. In this case the state appeals from a judgment of the district court of Comanche county sustaining a demurrer to an indictment, which, omitting merely formal parts, is as follows:

"That on the 6th day of December, in the year of our Lord one thousand nine hundred and eleven, at and within said county and state, and within the jurisdiction of said court, one Ed. M. West, then and there being, did then and there commit the crime of receiving interest and profit arising from the use of public money, and did then and there unlawfully, willfully, feloniously, and corruptly, he, the said Ed. M. West, then and there being the duly elected, acting, and qualified county treasurer of the county of Caddo, State of Oklahoma, and having at all times during the month of October, 1911, and November, 1911, in his hands as such county treasurer, more than the sum of eleven thousand ($11,000.00) dollars, public money belonging to said Caddo county, and he, the said Ed. M. West, as such county treasurer, having kept on deposit of the said public money in the Andarko State Bank, a banking corporation located at Anadarko, Caddo county, Okla., for and during the month of October, 1911, money to his credit as such county treasurer of the said public money belonging to Caddo county, the average daily balances of which amounted to the sum of $10,500.00, and for the month of November, 1911, the sum of $10,000.00, the said Anadarko State Bank then and there being one of the duly appointed, chosen, and qualified county depositories of said Caddo county in which money belonging to said Caddo county could be legally deposited by the said county treas-

,urer, up to the sum of $25,000.00, received directly from the Anadarko State Bank by way of a credit placed to the personal account of him; the said Ed. M. West, the sum of $42.72, as interest, pay and profit for the use of the said moneys as aforesaid deposited in and used by the said bank as aforesaid and public money as aforesaid, for the months of October and November, 1911, which said sum of $42.72 received as aforesaid by him, the said Ed. M. West, was kept and retained by him, the said Ed. M. West, and appropriated to his own use and benefit, contrary to," etc.

It appears from the record that said indictment was duly presented by the grand jury in the district court of Caddo county, and that upon the application of the defendant for a change of venue said cause was by the court duly transferred to Comanche county. It further appears that the defendant filed an application in the district court of Comanche county for leave of court to withdraw his plea of not guilty for the purpose of filing a demurrer to the indictment, and that the same was granted. Defendant then filed a demurrer, on the ground that "said indictment fails to state facts sufficient to constitute a public offense," which demurrer was heard, and was by the court sustained, "upon the ground that said indictment does not show on its face that the laws of the State of Oklahoma have been violated," to which ruling of the court the state at the time excepted, and to reverse the judgment the state appeals.

The question presented in this case is the same as in the case of *State v. West, ante,* p. 405, 171 Pac. 1127, this day handed down. For the reasons given in the opinion in that case, we are of the opinion that the indictment is sufficient in every way, and that the court erred in sustaining the defendant's demurrer thereto.

The judgment of the district court of Comanche county, sustaining the demurrer to the indictment, is therefore reversed.

ARMSTRONG and MATSON, JJ., concur.