## STATE v. ED. M. WEST.

No. A-2388. Opinion Filed April 20, 1918.

(171 Pac. 1127.)

**OFFICERS—Misappropriation of Public Funds—Sufficiency of Information.** An information charging a county treasurer with receiving interest and profit arising from the use of public funds in his hands as such treasurer **held** sufficient, and that the court below erred in sustaining the defendant's demurrer thereto.

*Appeal from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Ed. M. West was informed against for receiving money and profits arising from use of public funds in his hands as county treasurer. From a judgment sustaining a demurrer to the information, the State appeals. Reversed and remanded.

*S. P. Freeling,* Atty. Gen., *R. McMillan,* Asst. Atty. Gen., and *G. C. Wamsley,* Co. Atty., for the State.

*A. J. Morris,* for defendant in error.

DOYLE, P. J. In this case the state appeals from a judgment of the district court of Comanche county sustaining a demurrer to an information which, omitting formal parts, is as follows:

"That on the 7th day of May, in the year of our Lord one thousand nine hundred and thirteen, at and within said county and state, and within the jurisdiction of said court, one Ed. M. West, then and there being, did then and there commit the crime of receiving interest and profit arising from the use of public money, and did then and there intentionally, unlawfully, willfully, feloniously, and corruptly, he, the said Ed. M. West, then and there being the duly elected, acting, and qualified county treasurer of

Caddo county, State of Oklahoma, and having prior to the first day of April, 1913, received into his hands as such county treasurer the sum of twenty-five thousand dollars, public money belonging to the said Caddo county, and the said sum of money prior to the first day of April, 1913, having been by him, the said Ed. M. West, as such county treasurer, duly deposited in the Anadarko State Bank, a banking corporation located at Anadarko, Caddo county, State of Oklahoma, to his credit as such county treasurer, and the said Anadarko State Bank being then and there one of the duly appointed and chosen and qualified county depositories of said Caddo county in which money belonging to the said county could be deposited up to the sum of twenty-five thousand dollars, received directly from the said bank, by way of a credit to his, the said Ed. M. West's, personal account in the said bank the sum of fifty-two and 08/100 dollars as interest and profit for the use of the said sum of twenty-five thousand dollars, public money as aforesaid, by the said Anadarko State Bank for the month of April, 1913, which said sum of fifty-two and 08/100 dollars was kept and retained by him, the said Ed. M. West, and appropriated to his own use, contrary to," etc.

It appears from the record that said information was duly filed by the county attorney of Caddo county in the district court of Caddo county, and that upon the application of the defendant for change of venue said cause was by the court duly transferred to Comanche county. It further appears that the defendant filed an application in the district court of Comanche county for leave of court to withdraw his plea of not guilty for the purpose of filing a demurrer to the information, and that the same was granted. The defendant then filed a demurrer on the ground that "said information fails to state facts to constitute a public offense," which demurrer was heard, and was by the court sustained, "upon the ground that said in-

formation does not show on its face that the laws of the
State of Oklahoma have been violated," to which ruling of
the court the state at the time excepted.

The prosecution in this case was based upon section
11, art. 10, of the State Constitution, providing as follows:

"The receiving, directly or indirectly, by any officer
of the state, or of any county, city, or town, or member
or officer of the Legislature, of any interest, profit, or per-
quisites, arising from the use or loan of public funds in
his hands, or moneys to be raised through his agency for
state, city, town, district, or county purposes shall be
deemed a felony. Said offense shall be punished as may
be prescribed by law, a part of which punishment shall be
disqualification to hold office."

And upon Penal Code, sec. 2581, Rev. Laws 1910,
which provides that:

"Every public officer of the state or any county, city,
town, or member or officer of the Legislature, and every
deputy or clerk of any such officer, and every other per-
son receiving any money or other thing of value on behalf
of or for account of this state or any department of the
government of this state or any bureau or fund created
by law and in which this state or the people thereof are
directly or indirectly interested, who either:

"First. Appropriates to his own use, or to the use
of any person not entitled thereto, without authority of
law, any money or anything of value received by him as
such officer, clerk or deputy, or otherwise, on behalf of
this state, or any subdivision of this state, or the people
thereof, or in which they are interested; or

"Second. Receives, directly or indirectly, any interest,
profit or perquisites, arising from the use or loan of public
funds in his hands or money to be raised through his
agency for state, city, town, district or county purposes;
or, * * *

"Fifth.   Willfully omits or refuses to pay over to the state, city, town, district or county, or their officers or agents authorized by law to receive the same, any money or interest, profit or perquisites arising therefrom, received by him under any duty imposed by law so to pay over the same, shall, upon conviction thereof, be deemed guilty of a felony, and shall be punished by a fine of not to exceed five hundred dollars, and by imprisonment in the penitentiary for a term of not less than one nor more than twenty years, and in addition thereto shall be disqualified to hold office in this state, and the court shall issue an order of such forfeiture, and should appeal be taken from the judgment of the court, the defendant may, in the discretion of the court, stand suspended from such office until such cause is finally determined."

Counsel for the state insist that the court erred in sustaining the demurrer, because the information charges all the essential elements of the crime as defined by the foregoing provisions.

The argument urged by counsel for the defendant in error is as follows:

"From the foregoing provisions of the Constitution and statutes the conclusion is inevitable that if the money for the use of which the defendant received the interest was not the property of Caddo county, and therefore not public funds, it was not a crime to receive the interest; and even if the funds did belong to the county, they must also be in the hands of the officer, in order that it be a crime to receive the interest.   This is the express language of the Constitution and statute, by which the condition is specifically attached that, to constitute a crime, the funds for the use of which interest is received by an officer must be public funds and must be in the hands of the officer at the time he receives the interest"— and that the information is insufficient because:

"The defendant is not charged with having received more than is allowed him by law as his salary, including the interest he is alleged to have received, nor is he charged with having taken one penny of the interest the county was entitled to under the law and the bond of the bank, or that the county was deprived of one cent of its 2½ per cent. interest on the daily balances in the bank during the time mentioned in the indictment. And it is not charged that there was any agreement between the bank and defendant that he should leave the money on deposit therein and as compensation therefor he should receive the amount alleged as interest."

In our opinion the argument made is not well founded. Under the provisions of article 5, c. 16, Rev. Laws 1910, entitled "County Depositories," the legal title to the deposits of the county treasurer is at all times in the county, and the same are public funds in his hands as such officer. Section 1540 provides that the county treasurer should deposit daily all the funds and money of whatsoever kind that shall come into his hands by virtue of his office as such county treasurer, in his name as such county treasurer, in one or more responsible banks located in the county and designated by the board of county commissioners as the county depositories; that such bank shall pay interest on the average daily balances at the rate of 2½ per cent. per annum, and shall credit the same monthly to the account of such treasurer; that the county commissioners shall take from each such bank a bond in the sum equal to the largest approximate amount that may be deposited in each, respectively, at any one time, the conditions of said bonds to be that such deposit shall be promptly paid on the check or draft of the treasurer of such county, and the bondsmen of said treasurer shall not be liable for such deposit. It is alleged in the information

that the defendant, as county treasurer, made the deposit in his name and in his official capacity as such treasurer, and that he intentionally, unlawfully, willfully, feloniously, and corruptly received directly from said bank the sum of $52.08 as interest and profit for the use of said deposit.

In our opinion, the information contains every material allegation required by the rules of pleading, and by its allegations the defendant was clearly informed of the nature and the character of the offense charged against him, and we think the objections made are destitute of merit.

For the reasons stated, the judgment of the district court of Comanche county, sustaining the demurrer to the information, is reversed.

ARMSTRONG and MATSON, JJ., concur.