Lewis Aaron BOWEN, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A-16969.

Court of Criminal Appeals of Oklahoma.

March 22, 1972.

Curtis Parks, Public Defender, Tulsa, for plaintiff in error.

Larry Derryberry, Atty. Gen., Fred Anderson, Asst. Atty. Gen., James Briscoe, Legal Intern, for defendant in error.

BUSSEY, Presiding Judge:

Lewis Aaron Bowen, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Tulsa County, Oklahoma, for the offense of Carrying a Firearm, After Former Conviction of a Felony; his punishment was fixed at nine (9) years imprisonment, and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Timothy Dailey testified that he was employed by the Oklahoma Tire and Supply Store on East Second Street in Tulsa. On February 26, 1971, the defendant came to the store and purchased a .25 caliber pistol. He identified State's Exhibit Two as the pistol purchased by the defendant. He further testified that the defendant signed an application form and placed his fingerprints on the form. The defendant also purchased a box of .25 caliber shells and walked out of the store with the gun and the bullets.

Officer Nuttal was qualified as an expert in classifying and distinguishing fingerprint patterns. He testified that he compared a known fingerprint specimen of the defendant's with the fingerprint made on the gun registration form, and, in his opinion, the same were identical.

Charles Lockhart testified that he was employed at a Git–N–Go store on North Lewis in Tulsa. At approximately 11:00 p.m. on February 28, 1971, defendant purchased several small items in the store, walked outside of the store to the telephone booth and back again into the store. Lockhart called the police dispatcher and a police car pulled up in front of the store almost simultaneously.

Officer Ballentine testified that on the evening in question he was driving past the Git–N–Go store on North Lewis and observed a negro male subject in the store wearing sunglasses. The officer drove around the block and observed an empty car sitting in back of the store with its motor running. The officer returned to the front of the store, parked his unit and observed the defendant had reentered the store. The officer asked the defendant to accompany him outside and the defendant sat down on the pavement in front of the police car. Another unit arrived and the officer instructed the defendant to sit down in the back seat of the second car. Defendant consented to a search of his person and Ballentine found a box of .25 caliber shells in his left coat pocket. He further testified tht another officer found the gun on the pavement underneath the front end of his police vehicle. He testified that the gun was found "Right here in the area where the subject had sat down in front of my car."

Officer Lester testified that he was at the Git–N–Go store on the night in question and found State's Exhibit Two, the pistol, under the front of Officer Ballentine's police unit.

Officer Stevenson testified that he took custody of the pistol, the clip and the box of shells at the Git–N–Go store and transported them to the police station. The exhibits were properly marked and placed in the property room.

After the defendant had been found guilty in the first stage, the defendant testified in the second stage that he purchased the weapon for his own protection because his life was in jeopardy as a result of him testifying on behalf of the State in a murder trial. He further testified that he had talked to two lawyers prior to purchasing the gun who informed him that it was not unlawful for him to buy a weapon but "if the weapon was caught on my person then I would be responsible." (Tr. 129) He testified that he paid someone to carry the gun from the store and place it in the trunk of his car. He admitted five prior convictions. Upon cross-examination he testified that:

"When I came out the side of the store I knew that I was not supposed to have a gun on me so if I was arrested, or any-

thing, or searched, you know, and they found a gun on me then I would be committing a crime. So I had to throw the gun away or do something with it." (Tr. 137)

He admitted throwing the gun under the police car.

Defendant's first proposition asserts that the verdict is not sustained by sufficient evidence. We have consistently held that it is the exclusive province of the jury to weigh the evidence and determine the facts, and where the verdict is based on probable testimony, the reviewing Court will not interfere with the verdict. Bryant v. State, Okl.Cr., 478 P.2d 907.

The final proposition contends that the punishment is excessive. Suffice it to say that the defendant had five former felony convictions, four of which involved firearms. Under such circumstances, we cannot say that the sentence imposed shocks the conscience of this Court.

The judgment and sentence is affirmed.

BRETT, J., concurs.

SIMMS, J., not participating.