**STATE of Oklahoma, Appellant,**

v.

**Granville HUMPHREY, Appellee.**

**No. O–79–642.**

Court of Criminal Appeals of Oklahoma.

Oct. 23, 1980.

---

Andrew Coats, Dist. Atty., Dist. No. 7, Larry Puckett, Asst. Dist. Atty., Oklahoma City, for appellant.

D. C. Thomas, James Patterson, Oklahoma City, for appellee.

OPINION

BUSSEY, Judge:

█ The appellee, Granville Humphrey, was arrested in Oklahoma County and charged, in Case No. CRF–79–2273, with the offense of Carrying a Firearm After Former Conviction of a Felony in violation of 21 O.S.1971, § 1283. He was bound over for trial, but after a hearing on his motion to dismiss, the District Court found that the evidence, taken in its best light, failed to show that the crime alleged had been committed. The Court sustained the motion, and from this ruling the State appeals.[1]

The evidence discloses that an Oklahoma County deputy sheriff went to the defendant's residence in Oklahoma City, as the defendant was sought by officials in another county as a material witness. Through the screen door of the residence, the defendant was observed lying on a couch. When the officers knocked on the door, the defendant got up from the couch, went to the door and invited them inside. The defendant, having been advised of the reason for the visit, asked if he could put on his boots and socks. The defendant was told that he could do so. But as the defendant started to sit on the couch, the officers observed a .45 caliber automatic pistol lying on the couch where the defendant was about to sit. The defendant was never seen carrying the pistol on his person, however, and it was on this ground that the motion to dismiss was sustained.[2]

█ It is established law in Oklahoma that penal statutes are to be interpreted strictly against the State and liberally in favor of the accused, and words not found in the text of a criminal statute will not be read into it for the purpose of extending it or giving it an interpretation in conformity with a supposed policy. *Hisel v. State*, 97 Okl.Cr. 356, 264 P.2d 375, 385 (1953). In other words, penal statutes cannot be enlarged by implication or extended by inference, and the conviction of a crime is unwarranted unless the act is within both the letter and the spirit of the prohibiting statute. *Ex Parte Barnett*, 96 Okl.Cr. 254, 252 P.2d 496, 501 (1953).

█ The State does not contend that one may infer from the facts that the defendant put the pistol on the couch. Instead, it is the State's contention that a convicted felon violates the statute when a pistol is found lying in his home in such a proximity to his person as to be easily accessible for his immediate use. This contention cannot be accepted without violating established precedent prohibiting the broadening of penal statutes.

1. Although there is no provision for a State appeal from a motion to dismiss, *State v. Robinson*, Okl.Cr., 544 P.2d 545 (1975), the text of the appellee's motion made clear that the appellee was challenging the sufficiency of the evidence presented at the preliminary hearing. Thus for all practical purposes the pleading can be regarded as a motion to quash, from the sustaining of which the State may appeal. 22 O.S.Supp.1979, § 1053; *State v. Edmondson*, Okl.Cr., 536 P.2d 386 (1975).

2. Title 21 O.S.1971, § 1283, provides:
   It shall be unlawful for any person having previously been convicted of any felony ... *to carry on his person*, or in any vehicle which he is operating, or in which he is riding as a passenger, any pistol.... (Emphasis added)

The State argues that *Bowen v. State*, Okl.Cr., 495 P.2d 420 (1972), supports its position. But *Bowen* is clearly distinguishable from the present case. In that case the defendant was asked by a police officer to accompany him outside a convenience store. The defendant went outside and sat down on the pavement in front of the police car. When he searched the defendant, the officer found a box of .25 caliber shells in the defendant's pocket and another officer found a pistol underneath the patrol car in the area where the defendant had been sitting. There was testimony that the weapon had been purchased by defendant and carried out of the store by him. He was convicted for carrying a firearm after former conviction of a felony and the conviction was affirmed on appeal.

It is clear that this Court did not hold in *Bowen* that the proximity of the defendant to the pistol was sufficient to constitute a "carrying on the person" as prohibited by 21 O.S.1971, § 1283. Additional evidence was present which supported the inference that the defendant in *Bowen* carried the gun on his person. In fact, he admitted throwing the firearm under the police car. There is no such supporting evidence against the defendant in the present case. Further, as noted above, the State's contention is not that the defendant must have had the gun on his person at some time. Instead they argue that the presence of the gun on the couch on which defendant had been lying and upon which he was about to sit is within the statute. Consequently *Bowen* does not support the proposition for which it was cited.

The State further argues that within the purview of the statutes banning the carrying of weapons, the word "carry" usually means to bear or to have on or about the person. This argument is untenable in the context of 21 O.S.1971, § 1283, which qualifies and limits the scope of the term "carry" with the phrases "on his person" and "in any vehicle." The numerous cases from other states construing similar statutes must be distinguished because the relevant statutes employ the phrases "about

the person" or "on or about the person," so as to render these interpretations inapplicable in this case.

The word "about" has a broader meaning than the word "on." The word "on" signifies closer contact. In common parlance, when someone has an article "on" his person, it means that it is carried in his clothing. Had the intent of the Legislature been to prohibit convicted felons from having the designated weapons in close proximity to their persons they could have employed the term "about" or "on or about" instead of "on." They also could have used terms such as "have," "possess," or "own" instead of "carry" to better express their intent.

The ruling of the District Court is AFFIRMED.

CORNISH, P. J., and BRETT, J., concur.