I am authorized to state that Judge JOHNSON joins in this specially concurring opinion.

**STATE of Oklahoma, Appellant,**

v.

**The DISTRICT COURT OF CLEVELAND COUNTY, STATE OF OKLAHOMA, Appellee.**

**No. S–90–920.**

Court of Criminal Appeals of Oklahoma.

June 27, 1991.

## ACCELERATED DOCKET ORDER

The State of Oklahoma perfected this appeal from an order of the District Court of Cleveland County dismissing Case No. CF–89–1362(T). The appeal was assigned to the Accelerated Docket of this Court. *See* Section XI, *Rules of the Oklahoma Court of Criminal Appeals,* 22 O.S.Supp. 1990, Ch. 18, App. The propositions or issues in the appeal were presented to this Court in oral argument on May 23, 1991, pursuant to Rule 11.5(c). At the conclusion of oral argument, the matter was taken under advisement. We now render this decision.

Town Tavern, Inc., an Oklahoma corporation, was engaged in the restaurant business selling food and beverages in Norman, Oklahoma. Bette Maffucci (hereinafter "Defendant") was the president, and apparently a major stockholder and director, of Town Tavern, Inc. Allegedly, taxes collected on sales of food and beverages made by Town Tavern, Inc., during the period January, 1986, through January, 1988, were not remitted to the State of Oklahoma.

The State filed an Information charging Defendant personally with twenty-one (21) counts of the crime of embezzlement[1], pursuant to 68 O.S.Supp.1986, § 1361(E), for failing to remit to the State the sales taxes collected from the consumer or user. The Defendant filed with the District Court a pleading entitled *Demurrer, Plea In Abatement, Motion To Quash And Set Aside The Information* claiming in part that Defendant is not the "vendor" as defined in the sales tax code, 68 O.S.1981, Ch. 13, §§ 1301 et seq., and, therefore, is not the party guilty of the offense. The State responded contending that the Defendant was the active manager and dominant controlling force in Town Tavern, Inc., that Defendant was responsible for the corporation not remitting the sales tax, and that Defendant should not be allowed to thwart the ends of justice by hiding behind the figurative veil of the corporate body. The District Court dismissed the criminal action against Defendant finding that there was insufficient evidence that the Defendant was a "vendor" as defined in the sales tax code and, therefore, that there was insufficient evidence of a crime having been committed by the Defendant under the specific charging statute. The State has perfected this appeal of that dismissal.

■ The issue now before us is whether, when a corporation is the entity making

---

1. The Information described each count as follows:

EMBEZZLEMENT OF OKLAHOMA SALES TAXES, 68 Oklahoma Statutes 1361(E) ... that on or about [_____], in Cleveland County, State of Oklahoma, the Defendant, then and there being, did knowingly, wilfully and intentionally divert, misappropriate and embezzle the sum of [_____], said money being the lawful property of the OKLAHOMA TAX COMMISSION; that, during the month of [_____], the Defendant did, pursuant to her duties as a vendor, doing business under the name TOWN TAVERN, INC., collect from consumers the above-noted monies as SALES TAXES, which monies were held by her, as trustee, on behalf of the OKLAHOMA TAX COMMISSION and did, thereafter, knowingly wilfully and intentionally divert, misappropriate and use said monies for her own use and benefit, without authority of law and to a use and purpose not in the due and lawful execution of her trust.

sales of tangible personal property or services in Oklahoma and is the licensed vendor under the sales tax statutes, a corporate officer can be criminally liable, under 68 O.S.Supp.1986, § 1361(E), for embezzlement for failing to remit sales taxes collected on behalf of the corporation. We answer in the negative and affirm the dismissal of this criminal action by the District Court.

68 O.S.Supp.1986, § 1361(E), provides in pertinent part that:

"... [a]ny *vendor* who willfully or intentionally fails to remit the tax, after the tax levied by this article was collected from the consumer or user, and appropriates the tax held in trust to his own use, or to the use of any person not entitled thereto, without authority of law shall be guilty of embezzlement." (Emphasis added.)

"Vendor" is defined in the sales tax code as "[a]ny person making sales of tangible personal property or services in this State, the gross receipts or gross proceeds from which are taxed by this article." 68 O.S.Supp.1985, § 1352(R)(1). The term "person" includes individuals and corporations. 68 O.S.Supp.1985, § 1352(I). Vendors who are regularly and continuously engaged in a business at an established place of business and make sales subject to the sales tax code are required to secure a written permit from the Oklahoma Tax Commission. 68 O.S.Supp.1985–1987, § 1364(A).

The State does not controvert the fact that Town Tavern, Inc., holds the sales tax permit and is the "vendor" that collected the sales taxes at issue in this proceeding. The State argues that Defendant should be criminally liable for failing to remit the sales taxes.

As did the District Court, we find it convincing that, when imposing civil liability in subsection A of section 1361 [2], the Legislature deemed it necessary to specifically state that corporate officers are personally liable when a corporation is the person required to collect any tax imposed. However, when imposing criminal liability in subsection E of section 1361, the Legislature limited the imposition of such liability to the vendor and did not specifically provide for the liability of corporate officers when a corporation is the vendor who fails to remit the tax. Such a deviation in the drafting of the two subsections, coupled with the doctrine that penal statutes are to be interpreted strictly against the State and liberally in favor of the accused and words not found in the text of a criminal statute will not be read into it for the purpose of extending it or giving it an interpretation in conformity with a supposed policy [3], forces us to hold that the Legislature did not intend to impose criminal liability on corporate officers when the corporation is the vendor.

The Oklahoma Tax Commission, in an amicus curiae brief, argues that Defendant has aided and abetted the crime of embezzlement and therefore is liable as a principal under 21 O.S.1981, § 172. While such an argument seems compelling, it is not applicable under the facts of this case.

In accordance with the foregoing, the order of the District Court of Cleveland County sustaining Defendant's motion to quash the Information due to insufficient evidence and dismissing Case No. CF–89–1362(T) is AFFIRMED.

IT IS SO ORDERED.

/s/ James F. Lane
JAMES F. LANE,
Presiding Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Vice Presiding Judge
/s/ Ed Parks
ED PARKS,
Judge

---

**2.** Subsection A of section 1361 provides in pertinent part:

"... Every person required to collect any tax imposed by this article, and in the case of a corporation, each principal officer thereof, shall be personally liable for said tax."

**3.** *State v. Humphrey,* 620 P.2d 408, 409 (Okl.Cr. 1980).