Your letter requesting an unofficial opinion regarding a nonprofit corporation organized for the purpose of providing water services for rural residents has been referred to me for a response As I understand it, you have asked:
 (1) Whether the state nepotism law, 21 O.S. 481 (1991), et seg, apply to such corporations;
 (2) Whether the Oklahoma Open Meeting Act, 25 O.S. 301 (1991), et seg., amended, applies to such corporation.
I understand your questions to concern a non-profit corporation but not a rural water district organized pursuant to the Rural Water, Sewer, Gas, and Solid Waste Management Districts Act, 82 O.S. 1324.1 (1991), et seq. You should understand that what follows is an unofficial opinion of the undersigned and not an official opinion of the Attorney General.
As to your first question, the state nepotism laws to which you have referred apply specifically to executive, legislative, ministerial, or judicial officers who appoint nd employ individuals in "any department of the state, district, county, city or municipal government of which such executive, legislative, ministerial or judicial officer is a member" 21 O.S. 481. 21 O.S. 487 specifically defines the officers to which the nepotism laws apply. It states:
 "Under the executive, legislative, ministerial or judicial officer as mentioned herein are included the governor, lieutenant governor, speaker of the House of Representatives, corporation commissioners, all the heads of the departments of state government, judges of all the courts of this state, mayors, clerks, councilmen, trustees, commissioners, and other officers of all incorporated cities and town, public school trustees, officer and board, and managers of the state university and its several branches, state normals, the penitentiaries and eleemosynary institutions, members of the commissioners court, and all other officials of the State, district, county, cities, or other municipal subdivisions of the State."
I can find no provision of the nepotism laws which extends their application to the kind of non-profit corporations to which you have referred Moreover, prior Attorney General opinions indicate that non-profit corporations organized for the purpose of supplying utilities for rural areas are not subject to various laws concerning public officers See: A G Opinion No 89-072 (concluding that a trustee of a Rural Electric Coop. not a public officer for the purposes of the prohibition against dual office holding). In addition, criminal statutes such as Oklahoma s nepotism laws are to be construed liberally in favor of the accused and strictly against the State. State v. Humphrey, 620 P.2d 408 (Okla Cr 1980); United States v Schwank e, 598 F 2d 575 (10th Cir 1979). Accordingly, I conclude that a non-profit corporation organized for the purpose of supplying water to rural residents is not subject to the nepotism laws set forth in 21 O.S. 481, et seg.
Your second question concerns the Oklahoma Open Meeting Act, 25 O.S. 301 (1991), et seg, as amended. This act sets forth a number of procedures for the conduct of meeting of "public bodies" Section 25 O.S. 304 of the Open Meeting Act specifically defines public bodies to include
 "all boards, bureaus, commissions, agencies, trusteeships, authorities, councils, committee, public trusts, task forces, or study groups in the State of Oklahoma supported in whole or in part by public funds or entrusted with the expending of public funds or administering public property . . ."
(emphasis added)
Whether a non-profit organization is publicly funded in whole or in part or administers public property are questions of fact beyond the scope of this informal opinion 74 O.S. 18(b)(5).
Therefore, whether the Open Meeting Act applies to the kind of corporations that you have described must be answered on a case by case basis. I have, however, enclosed a formal Attorney General Opinion, No 80-215 I believe this Opinion may be helpful to you in analyzing these questions about whether certain entities are "public bodies" under the Open Meeting Act.
(Rabindranath Ramana)