Dear Representatives, Sean Voskuhl,
¶ 0 This office has received your request for an official Opinion asking, in effect, the following questions:
1. Pursuant to 10 O.S. 404.1(A) (1995), is the owner of achild care facility required to obtain a criminal history checkon any person other than an applicant for employment with thechild care facility?
 2. Section 10 O.S. 404.1(E)(2) of Title 10 of the OklahomaStatutes provides that any employer at a child care facility who"knowingly and willfully" employs or allows the continuedemployment of a person registered pursuant to the Sex OffendersRegistration Act is subject to a civil penalty. Does thisprovision require the employer to obtain a criminal history checkof all current employees?
¶ 1 The Oklahoma Child Care Facilities Licensing Act (the "Act"), 10 O.S. 401-10 O.S. 419 (1991-1995), sets forth minimum standards for child care facilities and day care centers in Oklahoma. Part of the Act mandates that employers at such facilities and centers obtain a criminal background check on applicants for employment as follows:
 A. The owner or administrator of a child care facility, other than a day care center, providing full-time care or twenty-four hour supervised care shall arrange, prior to employment, for a crirninal history investigation conducted by the Oklahoma State Bureau of Investigation for an applicant for employment.
 B. Every owner or administrator of a day care center and a family day care home shall arrange, prior to employment, for a criminal history investigation conducted by the Oklahoma State Bureau of Investigation for an applicant for employment and for any adult residing in a family day care home.
. . . .
 E. 1. A criminal history investigation conducted by the Oklahoma State Bureau of Investigation shall include a search of Department of Corrections' files maintained pursuant to the Sex Offenders Registration Act, Section 581 et seq. of Title 57 of the Oklahoma Statutes. (57 O.S. 581)
 2. It shall be unlawful for any person who is required to register pursuant to the Sex Offenders Registration Act to work with or provide services to children and for any employer who offers or provides services to children to knowingly and willfully employ or allow continued employment of any person who is required to register pursuant to the Sex Offenders Registration Act. Upon a determination of any violation of the provisions of this section, the violator shall be subject to a civil fine not to exceed One Thousand Dollars ($1,000.00). In addition, the violator may be liable for civil damages.
10 O.S. 404.1 (1995) (emphasis added).
¶ 2 Your questions may be answered from a plain reading of Section 10 O.S. 404.1, bearing in mind that penal statutes, such as this section,[1] must be strictly construed against the State and liberally construed in favor of an accused. Statev. Humphrey, 620 P.2d 408, 409 (Okla.Crim.App. 1980).
¶ 3 Although the Oklahoma Legislature amended Section 10 O.S.404.1(E) in 1995 to mandate that the criminal history check include a search of the Sex Offenders Registry, a plain reading of the section reflects no legislative intent that the criminal history check must be applied to those already employed at child care facilities and day care centers on the effective date of the amendment. Instead, Section 10 O.S. 404.1 expresses an intent that the background check requirements apply solely to "applicants" "prior to employment." Further, the section is silent as to retroactive application, so we must presume it is of prospective application only. See Forest Oil Corporation v.Corporation Commission of Oklahoma, 807 P.2d 774, 781 (Okla. 1990). Thus, the answer to your first question is that Section10 O.S. 404.1(A) does not require a criminal history check of the Sex Offenders Registry for persons already employed at child care facilities and day care centers as of the effective date of the amendment to Section 10 O.S. 404.1(E). Instead, a plain reading mandates such a search for applicants only.
¶ 4 This answer can also be applied to your second question. The Act does not mandate a criminal history check, including a search of the Sex Offenders Registry, for people already employed at child care facilities and day care centers as of the effective date of the Act. Again, the Act is silent as to retroactive application of the amendment. Because this section must be strictly construed against the State, "knowingly and willfully" cannot be read to mandate a criminal history check where the Act otherwise creates no such requirement. Instead, the evident legislative intent is that this requirement is limited to actual knowledge of an employee's prior sex offense conviction by whatever source this information is provided. It does not, however, require an employer or administrator to seek out such information actively outside the mandate of Section 10 O.S.404.1(A) and 10 O.S. 404.1(B).
¶ 5 Thus, the answer to your second question is that the amendment to 10 O.S. 404.1 (1995), which mandates that a criminal history check include a search of the Sex Offenders Registry, creates no requirement that employers and administrators at child care facilities and day care centers obtain new criminal history checks on employees of such facilities and centers as of the effective date of the amendment. Nevertheless, because Section 404.1 does not prohibit a search of the Sex Offenders Registry and because local law enforcement agencies are specifically authorized to make the registry available to childcare facilities, 57 O.S. 584(E)(2) (1995), such a search could be a prudent act by employers and administrators.
¶ 6 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. The owner of a child care facility is not required toobtain a criminal history check on any person other than anapplicant for employment with the child care facility. 10 O.S.404.1(A) (1995).
 2. Title 10 O.S. 404.1(E)(2) (1995), which provides thatany employer at a child care facility who "knowingly andwillfully" employs or allows the continued employment of a personregistered pursuant to the Sex Offenders Registration Act issubject to a civil penalty, does not require an employer toobtain a new criminal history check, which now includes a searchof the Sex Offenders Registry, on all current employees. However,neither does this section prohibit a child care facility employerfrom obtaining a search of the Sex Offenders Registry.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES ROBERT JOHNSON ASSISTANT ATTORNEY GENERAL
[1] The violation of Section 10 O.S. 404.1 may result in license revocation pursuant to 10 O.S. 407 (1995), or civil fine pursuant to subsection (E)(2) of Section 10 O.S.404.1(e)(2). License revocation is considered penal in nature.See, e.g., Oklahoma State Board of Embalmers and FuneralDirectors v. Guardian Funeral Home, 429 P.2d 732, 733 (Okla. 1967).