Question Submitted by: The Honorable James M. Boring, District Attorney, District One
2016 OK AG 3
Decided: 05/18/2016
Oklahoma Attorney General Opinions

Cite as: 2016 OK AG 3, __ __

 
¶0 This office has received your request for an Official Attorney General Opinion in which you ask, in effect, the following question: 
Is an Oklahoma resident prohibited from carrying a handgun in Oklahoma if the only valid concealed or unconcealed carry weapons permit or license he or she holds is one issued by another state?
¶1 Under current state law, "the State of Oklahoma . . . recognizes any valid concealed or unconcealed carry weapons permit or license issued by another state." 21 O.S.Supp.2015, § 1290.26 (emphasis added).
¶2 You ask whether Oklahoma law prohibits an Oklahoma resident from carrying a handgun in Oklahoma if he or she holds a concealed or unconcealed carry weapons permit or license from another state, but not one from Oklahoma. 
¶3 Based on the plain language of the Oklahoma Self-Defense Act ("the Act"), we conclude that the Act allows an Oklahoma resident to carry a handgun in Oklahoma so long as he or she is authorized to carry pursuant to a valid license issued by either Oklahoma or another state. 
I.
Analysis
¶4 The question presented involves a straightforward matter of statutory interpretation. This inquiry begins with the text of the statute and--absent unresolvable ambiguity--ends with the text. This is so because the sole means by which a legislature makes law is to agree upon the final language that passes into law. Our task is thus to determine the ordinary meaning of the words that the Legislature chose in the provisions of law at issue. See Rogers v. Quiktrip Corp., 2010 OK 3, ¶11, 230 P.3d 853, 859 ("[I]ntent is first divined from the language of a statute.").
¶5 The Oklahoma Self-Defense Act provides a comprehensive regime governing the circumstances under which persons in Oklahoma may carry handguns. See 21 O.S.2011 & Supp.2015, §§ 1290.1-1290.27. The Act makes it "unlawful for any person to carry a concealed or unconcealed handgun in this state, except as hereby authorized . . . or as may otherwise be provided by law." Id. § 1290.4. 
¶6 Generally speaking, the Act authorizes a person to carry a handgun in Oklahoma if they have (1) a license issued by the Oklahoma State Bureau of Investigation, id § 1290.3, (2) a license issued by another state, id.§ 1290.26, or (3) the right to lawfully carry in his or her state of residence without a license, id. § 1290.26(B).[1]

¶7 With respect to licenses issued by other states, the Act "recognizes any valid concealed or unconcealed carry weapons permit or license issued by another state." 21 O.S.Supp.2015, § 1290.26 (emphasis added). The Act does not define "valid" or otherwise qualify this sweeping recognition of licenses issued by other states. The plain language meaning of "valid" when used in this context is "having legal strength or force." Webster's Third New Int'l Dictionary 2529 (3d ed. 1993). Thus, according to the plain terms of the statute, Oklahoma recognizes any license that has legal force in its state of issue. This reflects a permissive approach to recognition of licenses from other states, whereby Oklahoma does not look behind the license to determine whether the licensing requirements were commensurate with the Act's requirements for issuance through the Oklahoma State Bureau of Investigation. Additionally, this broad recognition indicates that Oklahoma does not maintain a true reciprocity agreement with other states because Oklahoma's recognition of a license issued by another state is not conditioned on that state likewise recognizing licenses issued by Oklahoma. 
¶8 This was not always the case. As originally enacted in 1996, the Act limited Oklahoma's recognition of licenses from other states to only those licenses issued pursuant to licensing regimes similar to Oklahoma's, namely: 

any valid concealed carry weapons permit or license issued by another state, provided the issuing state: (1) Requires a state and national criminal history records search to be conducted on each applicant; (2) Prohibits any person convicted of a felony offense from obtaining a concealed carry weapons permit or license; (3) Requires competence qualification, or training with the firearm to be carried by the person; and (4) Does not authorize any weapon to be carried which would be a violation of Oklahoma law.

1996 Okla. Sess. Laws ch. 191, § 20 (emphasis added). In 1998, the Legislature added another limitation to this section, making it a condition to recognition that the issuing state offered reciprocal recognition of Oklahoma licenses. 1998 Okla. Sess. Laws ch. 286, § 7. In other words, the prior version of Section 1290.26 was a true reciprocity agreement, and one that contained significant limitations that ensured Oklahoma would recognize only certain types of licenses, i.e., those issued with safeguards similar to those imposed by Oklahoma. 
¶9 In 2003, the Legislature eliminated those limitations, so that Section 1290.26 read:

The State of Oklahoma hereby recognizes any valid concealed carry weapons permit or license issued by another state.
Any person entering this state in possession of a firearm authorized for concealed carry upon the authority and license of another state is authorized to continue to carry a concealed firearm and license in this state; provided the license from the other state remains valid. The firearm must be carried fully concealed from detection and view, and upon coming in contact with any peace officer of this state, the person must disclose the fact that he or she is in possession of a concealed firearm pursuant to a valid concealed carry weapons permit or license issued in another state. Any person who is twenty-one (21) years of age or older having a valid firearm license from another state may apply for a concealed handgun license in this state immediately upon establishing a residence in this state.

2003 Okla. Sess. Laws ch. 465, § 9. In 2012, the Legislature liberalized Section 1290.26 even further, adding a new subsection B that allowed carry in Oklahoma even by those with no license at all, so long as they were residents of a state that allowed carry without a license. 2012 Okla. Sess. Laws ch. 195, § 1. And finally, in 2013, the legislature amended Section 1290.26 to its current form, expanding coverage to persons authorized for concealed and "unconcealed" carry alike. 2013 Okla. Sess. Laws ch. 15, § 18.
¶10 The Legislature's elimination of the qualifiers that were previously placed on Oklahoma's recognition of licenses issued by other states confirms that "any valid concealed or unconcealed carry weapons permit or license issued by another state," 21 O.S.Supp.2015, § 1290.26, means exactly what it says. Any license that is valid in the eyes of the issuing state is valid in Oklahoma, regardless of whether the conditions for issuance are commensurate with those imposed by the Act. 
II.
Discussion
¶11 You essentially ask whether Section 1290.26 limits the recognition of licenses issued by other states such that it in effect reads: "[t]he State of Oklahoma hereby recognizes any valid concealed or unconcealed carry weapons permit or license issued by another state, provided that it is held by a resident of another state." But reading this limitation into Section 1290.26's unqualified recognition of licenses from other states (1) violates the command that we "not read exceptions into a statute nor . . . impose requirements not mandated by the Legislature," Cox v. State ex rel. Oklahoma Dep't of Human Servs., 2004 OK 17, ¶ 26, 87 P.3d 607, 617, (2) contradicts Section 1290.26's plain text, and (3) ignores important contextual indicators found in other parts of Section 1290.26 that confirm the plain text.
¶12 For example, Section 1290.26(B) requires that those who wish to carry in Oklahoma pursuant to authorization from a non-permitting state prove that they are a resident of that non-permitting state. Id. ("the person shall present proper identification by a valid photo ID as proof that he or she is a legal resident in such a non-permitting state."). No such proof of residency in another state is required of those who wish to carry in Oklahoma pursuant to a license issued by another state. 21 O.S.Supp.2015, § 1290.26(A)("the person must disclose the fact that he or she is in possession of a concealed or unconcealed firearm pursuant to a valid concealed or unconcealed carry weapons permit or license issued in another state."). If the Legislature had intended to limit its recognition of "any" license issued by another state to only those who resided in another state, it would have placed that limitation in 1290.26(A), just as it did in 1290.26(B).[2] 
¶13 Additionally, the Act allows that "[a]ny person who is twenty-one (21) years of age or older having a valid firearm license from another state may apply for a concealed handgun license in this state immediately upon establishing a residence in this state." 21 O.S. § 1290.26(C) (emphasis added). The permissive "may" used in this subsection underscores that Oklahoma does not require those residing in Oklahoma to obtain an Oklahoma-issued license as a precondition to carrying their handgun. Were this not so, the Legislature would have commanded that those establishing residency in Oklahoma "shall" immediately apply for a concealed handgun license should they wish to continue carrying their handgun as an Oklahoma resident.
¶14 Likewise, the Act allows "[a]ny person entering this state in possession of a firearm . . . to continue to carry" that "concealed or unconcealed firearm and license in this state" so long as "the license from the other state remains valid." 21 O.S.Supp.2015, § 1290.26(A)(emphasis added).[3] Had the Legislature intended to cut off its recognition of licenses issued by other states at the moment the carrier of that license established residency in Oklahoma, it would not have expressly stated that its recognition remains valid for as long as "the license from the other state remain valid."[4] 
¶15 Finally, the Legislature has commanded that the Act "shall be liberally construed to carry out the constitutional right to bear arms for self-defense and self-protection," 21 O.S.Supp.2015, § 1290.25, a command that ensures that in close cases, the Act must be construed in favor of Oklahomans' right to carry their guns.[5] Thus, even if ambiguity existed, this legislative command would require that we not read in limitations that simply do not exist, but rather give the text of the Act its plain meaning, particularly when that text is consistent with the permissive approach embodied in Section 1290.25. Were we to conclude that the Legislature intended the Act to exclude Oklahoma residents from its recognition of licenses issued by other states, the Act would actually place greater restrictions on Oklahoma residents than it does on residents of other states. The Legislature surely did not intend that result.
¶16 In sum, the Act unequivocally recognizes "any valid . . . license" issued by another state, and Section 1290.26's text, history, and context all confirm that this broad, unqualified recognition of licenses issued by other states contains no exclusion of Oklahoma residents holding such licenses. Just as a "court is without authority to rewrite a statute merely because it might not comport with its own notions of prudent public policy," Yocum v. Greenbriar Nursing Home, 2005 OK 27, ¶¶ 9-10, 130 P.3d 213, 219, we are without authority to insert exceptions into the Act that make it more difficult for Oklahomans to carry a handgun. 21 O.S.Supp.2015, § 1290.25 ("Subjective or arbitrary actions or rules which . . . create restrictions beyond those specified in this act are deemed to be in conflict with the intent of this act and are hereby prohibited."). 

¶17 It is, therefore, the official Opinion of the Attorney General that:
The Oklahoma Self-Defense Act allows an Oklahoma resident to carry a handgun in the state so long as that resident holds a valid handgun license issued by Oklahoma or another state.

E. SCOTT PRUITT
Attorney General of Oklahoma
Patrick Wyrick
Solicitor General of Oklahoma
FOOTNOTES
[1] Section 1290.26 reads in full as follows:
The State of Oklahoma hereby recognizes any valid concealed or unconcealed carry weapons permit or license issued by another state, or if the state is a nonpermitting carry state, this state shall reciprocate under the permitting law of that state.
A. Any person entering this state in possession of a firearm authorized for concealed or unconcealed carry upon the authority and license of another state is authorized to continue to carry a concealed or unconcealed firearm and license in this state; provided the license from the other state remains valid. The firearm must either be carried unconcealed or concealed from detection and view, and upon coming in contact with any peace officer of this state, the person must disclose the fact that he or she is in possession of a concealed or unconcealed firearm pursuant to a valid concealed or unconcealed carry weapons permit or license issued in another state.
B. Any person entering this state in possession of a firearm authorized for concealed carry upon the authority of a state that is a nonpermitted carry state and the person is in compliance with the Oklahoma Self-Defense Act, the person is authorized to carry a concealed firearm in this state. The firearm must be carried fully concealed from detection and view, and upon coming in contact with any peace officer of this state, the person must disclose the fact that he or she is in possession of a concealed firearm pursuant to the nonpermitting laws of the state in which he or she is a legal resident. The person shall present proper identification by a valid photo ID as proof that he or she is a legal resident in such a non-permitting state. The Department of Public Safety shall keep a current list of non-permitting states for law enforcement officers to confirm that a state is nonpermitting.
C. Any person who is twenty-one (21) years of age or older having a valid firearm license from another state may apply for a handgun license in this state immediately upon establishing a residence in this state.
21 O.S.Supp.2015, § 1290.26. 
[2] We know this is true because the Legislature has drafted similar restrictions in the past. See 2006 Okla. Sess. Laws ch. 311, § 6 (limiting reciprocity for out-of-state driver's licenses to "[a] nonresident who is sixteen years of age or older . . . if the nonresident is properly licensed in the home state . . . and who has immediate possession of a valid driver license issued by the home state . . . .") (emphasis added). Moreover, such residency restrictions for handgun permits were not unheard of at the time the Legislature amended § 1290.26. Florida, for example, limited reciprocity as follows:
Notwithstanding [Florida's unlawful carry statute] a nonresident of Florida may carry a concealed weapon or concealed firearm while in this state if the nonresident:
(a) Is 21 years of age or older.
(b) Has in his or her immediate possession a valid license to carry a concealed weapon or concealed firearm issued to the nonresident in his or her state of residence.
(c) Is a resident of the United States.
Fla. Stat. § 790.015(1) (2012) (originally passed 1999) (emphasis added).
[3] It could be argued that this reference in Section 1290.26(A) to "[a]ny person entering the state in possession of a firearm . . . ." qualifies the otherwise unqualified recognition of valid licenses from other states. We do not believe this is the best reading of this section because prior versions of 1290.26 contained the usual "provided that . . ." language that signals that the language to follow limits the preceding language. The Legislature used no such limiting language in the current version of 1290.26. Even if read as a limitation, such that only those who enter Oklahoma in possession of a firearm are eligible to have their out-of-state licenses recognized, this does not exclude Oklahoma residents. Rather, an Oklahoma resident with a license from another state would simply have to leave the state and re-enter with his or her firearm, at which point his or her out-of-state license would be recognized. This odd result underscores our understanding of subsection A as not imposing a limitation, but rather providing an explanation of the obligations imposed on those who carry handguns while in our state. 
[4] Instead, the Legislature would have stated, as other states have, that an out-of-state license shall become invalid once a person has maintained residency in Oklahoma for a period of time. See e.g. Fla. Stat. § 790.015(3) (2012)
If the resident of another state who is the holder of a valid license to carry a concealed weapon or concealed firearm issued in another state establishes legal residence in this state by:
(a) Registering to vote;
(b) Making a statement of domicile pursuant to [Florida statute]; or
(c) Filing for homestead tax exemption on property in this state,
the license shall remain in effect for 90 days following the date on which the holder of the license establishes legal state residence.
(originally passed 1999).
[5] Additionally, because criminal penalties attach to unauthorized carry, See 21 O.S.Supp.2015, § 1272, the "rule of lenity" applies, which requires that "words not found in the text . . . not be read into it for the purpose of extending [criminal liability] or giving it an interpretation in conformity with a supposed policy." State v. District Court of Cleveland County, State of Okla., 1991 OK CR 68, ¶ 6, 816 P.2d 552, 554. 

 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1991 OK CR 68, 816 P.2d 552, 
STATE v. DISTRICT COURT OF CLEVELAND CTY.
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2004 OK 17, 87 P.3d 607, 
COX v. STATE ex rel. DEPT. OF HUMAN SERVICES
Discussed

 
2005 OK 27, 130 P.3d 213, 
YOCUM v. GREENBRIAR NURSING HOME
Discussed

 
2010 OK 3, 230 P.3d 853, 
ROGERS v. QUIKTRIP CORP.
Discussed

Title 21. Crimes and Punishments

 
Cite
Name
Level

 
21 O.S. 1272, 
Unlawful Carry
Cited

 
21 O.S. 1290.1, 
Short Title
Cited

 
21 O.S. 1290.25, 
Legislative Intent
Discussed

 
21 O.S. 1290.26, 
Reciprocal Agreement Authority
Discussed at Length