OSCN Found Document:Question Submitted by: The Honorable Brenda Stanley, Oklahoma State Senate, District 42

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 Question Submitted by: The Honorable Brenda Stanley, Oklahoma State Senate, District 42
2024 OK AG 8
Decided: 06/04/2024
Oklahoma Attorney General Opinions

Cite as: 2024 OK AG 8, __ __

 
¶0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following:
May a municipality lawfully contract with a school district while a city councilmember for the municipality is an employee of said school district without violating article X, section 11 of the Oklahoma Constitution? 
I.
SUMMARY
¶1 Except as provided in this opinion, a municipality may lawfully contract with a school district while a city councilmember for the municipality is an employee of said school district without violating the Oklahoma Constitution's prohibition against officers receiving interest. This office has already opined that elected city officials are subject to article X, section 11 of the Oklahoma Constitution. 2001 OK AG 32, ¶ 7. Consequently, city councilmembers are officers of the city and are subject to article X, section 11. Although municipalities may enter into such contracts, if circumstances show that the officer received an interest, profit, or perquisite unique to that officer as a result of the contract, a constitutional violation exists. But if the use or loan of public funds simply results in the public receiving the same type of benefit as the officer, there is no constitutional violation. This office does not analyze any specific factual circumstance because questions of fact are beyond the scope of an official Attorney General opinion. 2010 OK AG 12, ¶ 11; see 74 O.S.Supp.2022, § 18b(A)(5).
II.
BACKGROUND
¶2 The question presented to this office stems from a municipality trying to reconcile two of this office's past Attorney General Opinions: 1985 OK AG 138 and 2001 OK AG 32. Both interpret the state constitution's criminal prohibition on officers receiving interest, profits, or perquisites. Article X, section 11 of the Oklahoma Constitution provides:
The receiving, directly or indirectly, by any officer of the State, or of any county, city, or town, or member or officer of the Legislature, of any interest, profit, or perquisites, arising from the use or loan of public funds in his hands, or moneys to be raised through his agency for State, city, town, district, or county purposes shall be deemed a felony.
OKLA. CONST., art. X, § 11.
III.
DISCUSSION
¶3 As a preliminary matter, Oklahoma law mandates that strict construction must be afforded to provisions resulting in felony punishment and disqualification to hold office. State v. Humphrey, 1980 OK CR 86, ¶ 3, 620 P.2d 408, 409. As a result, article X, section 11 of the Oklahoma Constitution must be strictly construed and not expanded. Thus, the prohibition on receipt of interest, profit, or perquisite only applies to individuals who are explicitly outlined within the provision. 2003 OK AG 17, ¶ 8.

A. As officers of a city, councilmembers are subject to the prohibition in article X, section 11 of the Oklahoma Constitution. 

¶4 This office previously determined that "elected city officials" are subject to the Oklahoma constitutional prohibitions against interest. 2001 OK AG 32, ¶ 7. In all three statutory forms of city government that include the city councilmember role, the councilmembers are elected unless a vacancy occurs. 11 O.S.2021, §§ 9-103, 10-103, 11-103; 11 O.S.2021, § 8-109(A). Therefore, city councilmembers are elected city officials and subject to the Oklahoma constitutional prohibitions against interest.

B. A municipality may lawfully contract with a school district while a city councilmember is an employee of said school district if circumstances show the officer received no additional interest, profit, or perquisite in the contract than the public received. 

¶5 Noscitur a sociis,[1] the rule of construction which provides that the meaning of a word should be determined by considering the words with which it is associated, guides this office in interpreting the meaning of "interest, profit, or perquisites." The Oklahoma Court of Criminal Appeals interpreted both the terms "interest" and "profit" as used in the constitutional provision to mean monetary interest earned as a result of an officer depositing public funds in a bank and retaining the interest earned on said funds for the officer's personal use. State v. West, 1918 OK CR 41, 171 P. 1127. Black's Law Dictionary defines perquisite as "a privilege or benefit given in addition to one's salary or regular wages. Often shortened to perk." Perquisite, BLACK'S LAW DICTIONARY (11th ed. 2019). Read together, the constitutional prohibition cannot be solely applied to pecuniary gain. This office's prior opinions analyzing article X, section 11, are consistent with this reading.
¶6 Initially, this office found that "[t]he type of interest subject to the prohibition is a private or personal interest of a financial or pecuniary nature." 1985 OK AG 138, ¶ 2 (citing 1979 OK AG 267). Then, this office determined that an officer receives interest, profit, or perquisite:
[W]hen a city official has any interest that arises from the use of city funds by a private entity even if the city official does not have a proprietary interest in the private entity, and even if the city official's compensation is not paid out of any funds received by the private entity from the city . . . . [T]he city official could have an interest in the city funds if the private entity could not survive without the city funds or if the city funds have a relationship to the funds that are used for the city official's compensation (i.e., matching funds for grants, etc.).
2001 OK AG 32, ¶¶ 3, 5.
¶7 The office continued to expand its interpretation when issuing 2004 OK AG 40. There, this office concluded that even a contract between a public utility and a state agency board, where the officer of the State was also an employee of the public utility, could be defined as receipt of interest, profit, or perquisite by the officer-employee if "specific facts and circumstances" warranted it. 2004 OK AG 40, ¶ 22.
¶8 This office reaffirms its previous opinions. Funds of the state, county, city, town, or legislature of the officer given, contractually or otherwise, to another employer of the same officer does not in itself violate the State constitution. That officer's receipt of interest, profit, or perquisite can be shown only by the circumstances of the situation. This office cannot resolve questions of fact because they are beyond the scope of Attorney General Opinions. 2010 OK AG 12, ¶ 11; see 74 O.S.Supp.2022, § 18b(A)(5).
¶9 Nonetheless, this office has made clear that "[i]t is the officer himself who must receive the direct or indirect profit or interest." 1985 OK AG 138, ¶ 2. Indirect receipt of such prohibited gain by the officer, however, includes receipt of the same by the officer's spouse. 2011 OK AG 14, ¶¶ 18--23. Even gain by the officer's father-in-law, if circumstances reveal an indirect receipt of benefit by the officer as a result, could fall within the constitutional prohibition, though "the existence of such a family relationship does not, in and of itself, establish such interest." 1985 OK AG 138, ¶ 3. However, if the public receives the same benefit the officer receives, there is no direct or indirect interest to the officer. There, a public benefit has been bestowed and the government has simply done its job to serve its people.
¶10 The primary purpose of school districts is to provide free school education, supported by public taxation. 70 O.S.2021, §§ 1-108, 1-106. A municipality's contract with a school district from which the entire district benefits from equally, where no specific facts or circumstances point to additional benefit received by the dual-role public servant, is a public benefit to that school district and is not a constitutionally prohibited interest, profit, or perquisite received by the officer. Accordingly, if a use or loan of public funds results in the public receiving the same type of benefit as the officer, with no additional interest, profit, or perquisite, there is no violation of article X, section 11 of the Oklahoma Constitution.
¶11 It is, therefore, the official Opinion of the Attorney General that:

A municipality may lawfully contract with a school district while a city councilmember for the municipality is an employee of said school district without violating the Oklahoma Constitution, provided that the city councilmember does not receive any additional interest, profit, or perquisite from the contract different than what the public received. 
 

GENTNER DRUMMOND
ATTORNEY GENERAL OF OKLAHOMA
STEPHANIE ACQUARIO
ASSISTANT ATTORNEY GENERAL
FOOTNOTES
[1] Also known as the Associated-Words Canon.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Attorney General's Opinions

 
Cite
Name
Level

 
1979 OK AG 267, 
Question Submitted by: The Honorable Charles Elder, Oklahoma House of Representatives
Cited

 
2001 OK AG 32, 
Question Submitted by: The Honorable Kevin Calvey, State Representative, District 94
Discussed at Length

 
2003 OK AG 17, 
Question Submitted by: The Honorable Jeff A. McMahan, State Auditor and Inspector
Cited

 
2004 OK AG 40, 
Question Submitted by: The Honorable Earl Garrison, State Senator, District 9
Discussed

 
2010 OK AG 12, 
Question Submitted by: The Honorable Kenneth Corn, State Senator, District 4
Discussed

 
2011 OK AG 14, 
Question Submitted by: The Honorable Mary Fallin, Governor of the State of Oklahoma
Cited

 
1985 OK AG 138, 
Question Submitted by: The Honorable Wayne Winn, Oklahoma State Senate
Discussed at Length

Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1918 OK CR 41, 171 P. 1127, 14 Okl.Cr. 405, 
Oklahoma v West
Discussed

 
1980 OK CR 86, 620 P.2d 408, 
STATE v. HUMPHREY
Discussed

Title 11. Cities and Towns

 
Cite
Name
Level

 
11 O.S. 8-109, 
Vacancies in Office
Cited

 
11 O.S. 9-103, 
Qualifications of Governing Body Members
Cited

Title 70. Schools

 
Cite
Name
Level

 
70 O.S. 1-108, 
School District - Definition
Cited

Title 74. State Government

 
Cite
Name
Level

 
74 O.S. 18b, 
Duties of Attorney General - Counsel of Corporation Commission as Representative on Appeal From Commission
Discussed