Thomas BROOME, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14063.

Court of Criminal Appeals of Oklahoma.

May 1, 1968.

Rehearing Denied May 10, 1968.

Charles D. Reed, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., Kenneth Nance, Oklahoma City, on the brief, for defendant in error.

NIX, Presiding Judge.

Plaintiff in Error, Thomas Broome, was charged in the District Court of Oklahoma County with the crime of Operating A Motor Vehicle While Under the Influence of Intoxicating Liquor, After Former Conviction. He was tried by a jury, found guilty, and his punishment assessed at Five

Years in the penitentiary, and a Fine of $10.00. From that judgment and sentence he has appealed to this Court alleging two propositions of error. We will discuss the second allegation of error first, which is the evidence of a prior conviction deprived the defendant of due process of law, citing the case of Harris v. State, Okl.Cr., 369 P.2d 187, with which this writer is very familiar.

Counsel suggests that this Court re-consider the one paragraph of the Harris opinion, supra, which states:

"This decision in no manner precludes inquiry of the witness as to previous conviction for the purpose of effecting his credibility; *neither is it applicable to a previous misdemeanor conviction which forms the base for a felonious prosecution as permitted, for instance, in Title 47, O.S.A. § 93 [47 O.S.1961, § 11–902]*.

This, of course, is the statute which was amended in 1961 to Title 47, O.S. § 11–902, which was applicable at the time this case was tried,[1] and reads as follows:

"(c) Every person who is convicted of a violation of this section shall be deemed guilty of a misdemeanor for the first offense and upon conviction thereof shall be punished by imprisonment in the county jail for a period of time not less than ten days nor more than one year, and a fine of not more than Five Hundred Dollars ($500.00). *Any person found guilty of a second or subsequent offense under the provisions of this section shall be deemed guilty of a felony and upon conviction thereof shall be punished by imprisonment in the state penitentiary for a period of time not less than one year and not to exceed five years, and a fine of not more than One Thousand Dollars ($1000.00)*."

This section relating to second offenders is special legislation.

■ Title 21, O.S.A. § 51, referred to in the Harris case, supra, covering second and subsequent offenses is a general stat-ute, and *inapplicable to offenses under 47 O.S.1961 § 11–902*.

■ This Court stated in Johnson v. State, 96 Okl.Cr. 294, 253 P.2d 179:

"In prosecution, under drunken driving statute, of an alleged second offender, the pleading of sufficient historical *facts upon which the charge of a prior conviction is predicated constitutes an essential element of the charge, which is necessary to establish jurisdiction in the District Court for trial of the alleged second offense*." (emphasis ours)

And, further, in Jackson v. State, Okl.Cr., 308 P.2d 323:

"In prosecution for driving motor vehicle while under influence of intoxicating liquor following alleged former conviction of similar charge, proof of previous conviction was necessary to give the District Court jurisdiction."

■■ This Court is of the opinion that this is the proper rule to be applied, and herein reject any extension of the procedure as outlined in the Harris case, supra, to apply to Second Offense Drunk Driving charges. In so doing, we herein overrule the case of Hunter v. State, Okl.Cr., 375 P.2d 357 as erroneous dicta.

■ Having concluded that this was not error, we will now discuss the defendant's first proposition of error, and the excessiveness of the sentence. More particularly, defendant complains that prejudicial testimony was given by a patrol trooper before the jury to the effect that the defendant had been charged with other crimes other than the one alleged in the information. The testimony complained of appears at page 44 of the casemade, as follows:

"BY MR. REED:

Q. Officer, do you have any notes in your possession that you went over prior to testifying here today to refresh your memory?

A. Just the sheet, yes, sir.

---

1. This statute has been further amended effective April 17, 1967.

Q. What sheet is that?

A. Just my original arrest deal here (indicating).

Q. Do you mind if I look at it?

A. It's all right with me. It's the same thing he has. *ON THE BACK THERE IS A LIST OF HIS FORMER CHARGES.*

MR. REED: Your Honor, the defendant at this time moves for a mistrial on the basis of the witness' last statement.

THE COURT: Ladies and Gentlemen, the voluntary statement of this witness, as to the remark as made or as to the question as made, is improper, was not in response to the question and *should not be considered by you in any way and you are to disregard it completely.*

Do you understand? The motion will be overruled."

This Court has held that generally a prompt striking of an improper remark or evidence by the trial judge, and the jury being instructed to disregard the testimony cures any error that might have been committed by its admission. Rogers v. State, 9 Okl.Cr. 277, 131 P. 941; Brown v. State, 17 Okl.Cr. 394, 188 P. 1097; Valentine v. State, 16 Okl.Cr. 76, 194 P. 254. The Honorable John Brett, in the case of Duncan v. State, 89 Okl.Cr. 325, 207 P.2d 324, stated:

"Where a witness voluntarily states a matter which should not be introduced in evidence and the court promptly excludes the testimony given by the witness and instructs the jury not to consider it in their deliberation, such voluntary testimony of the witness, although improper, will not ordinarily be ground for the reversal of a conviction."

This rule is held to apply when—*and only when*—after an examination of the entire record it appears there has not been a miscarriage of justice, nor any substantial violation of some constitutional or statutory right of the defendant. This is not the situation in the instant cause.

This Court has reviewed the record herein presented, and find no *proof of* any *other charges* other than the one set forth in the information. The only effect the officer's "evidentiary harpoon" could have had was to create some prejudice in the minds of the jury. The inference was that the defendant had *many* other charges.

The law is well-established that experienced police officers should not while on the witness stand, make voluntary statements prejudicial to the rights of the defendant on trial. See, Tucker v. State, 89 Okl.Cr. 30, 204 P.2d 540; Bullock v. State, 96 Okl.Cr. 292, 253 P.2d 197.

█ There are no extenuating circumstances in this case, the evidence was that the officer saw the defendant make a wide turn out of a driveway. That he was intoxicated. There was no accident, no injury, no property damage—nothing to warrant the maximum sentence in this cause, other than the fact that the jury was under the impression that the defendant had many charges on his record, and thus, was a danger to society. This is not, as we stated above, proved by the evidence herein.

█ We are, therefore, of the opinion that the Five Year maximum sentence was a direct result of said prejudicial statement, and excessive in the instant cause.

It is the order of this Court that the sentence of Five Years be modified to Two Years in the penitentiary, and as so modified, the judgment is affirmed.

BUSSEY, J., concurs.

BRETT, J., concurs in results.