Richard Lee WHITE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–76–244.

Court of Criminal Appeals of Oklahoma.

Sept. 23, 1976.

David M. Curtis, Frederick, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Douglas L. Combs, Legal Intern, for appellee.

OPINION

BLISS, Judge:

The appellant, Richard Lee White, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Tillman County, for crimes of Driving Under the Influence of Intoxicating Liquor, a subsequent offense, for two separate offenses, Case Nos. CRF–75–21 and CRF–75–32. The defendant was sentenced to serve two and one-half (2½) years and two (2) years, respectively, in the State Penitentiary, the sentences to run concurrently. From those sentences the defendant has perfected this timely appeal. Due to the similarity of their facts and propositions the appeals have been consolidated.

Case No. CRF–75–32 was tried on September 8, 1975. At the trial, Rick Taylor testified that on June 23, 1975 he was employed by the city of Frederick as a patrolman. At about 5:00 p. m. he and his partner, Officer Sam Davis, observed a green International pickup weaving from side to side on the road and after following it for a few blocks they stopped the vehicle. The defendant was the only party in the pickup and, according to Taylor's testimony, he was unsteady on his feet, his speech was slurred and "the odor of alcohol was evident." The defendant was placed under arrest and he subsequently submitted to a breath test.

The testimony of Officer Sam Davis fully corroborated that of Taylors.

Trooper William Rogers testified that on June 23, 1975, he was qualified to adminis-

ter breathalizer tests, and in fact did apply such an examination to the defendant. The results measured .34 percent alcohol.

At this juncture the State rested. The defendant's demurrer to the evidence and his motion for a directed verdict were overruled.

The defendant took the stand in his own defense and testified that he was a self-employed welder, who supplied the majority of his family's income. He stated that any time spent away from his business would cause him to default on his payments and lose the enterprise. Cross-examination exposed a former conviction for driving under the influence in 1960, for which the defendant had served nearly seven (7) months of the one (1) year sentence imposed. The defendant also stated that on June 23, 1975, he drank two or three beers.

Lester White, the defendant's brother, testified that on June 23, 1975, although he could smell beer on the defendant, he had not seen the defendant drink and "he wasn't that bad of shape." He also related that the defendant was self-employed and would lose his business if forced to be away from it for any length of time.

Case No. CRF–75–21 was tried on September 9, 1975. Officer Eugene Parker testified that on April 14, 1975 he observed a 1964 Dodge automobile weaving down Dahlia Street in Frederick, Oklahoma. Parker and his partner, Officer Sam Davis, followed the vehicle for a few blocks and after it stopped at the Cassidy Grain Company they approached the driver, who had gotten out of the car. Parker identified this party as the defendant. The defendant was "unbalanced," his speech was slurred, and he had an odor of alcohol. The defendant was arrested and subsequently received a blood test at Tillman County Memorial Hospital.

The testimony of Officer Sam Davis fully corroborated that of Eugene Parker.

William Cavney testified that as a forensic chemist for the Oklahoma Bureau of Investigation, he had examined the defendant's blood sample taken earlier at Tillman County Memorial Hospital. The test results showed the defendant's alcohol concentration to be .27 percent.

The first defense witness was Roy Landrum, who testified that on April 14, 1975, he and his co-workers were digging in a water line in front of the Cassidy Grain Company. During that time the defendant drove up, got out of his car and initiated a conversation. Landrum stated "you could tell he [the defendant] had been drinking." Presently, Officers Parker and Davis, arrived, talked to the defendant for a few minutes and then arrested him. Landrum said he had "known the defendant to be a good worker for twenty years." On cross-examination the witness stated he was not aware that in 1960 the defendant had been convicted of driving under the influence.

Lester White, defendant's brother, testified that the defendant was a hard worker, who would lose his welding business if kept away from it. White also said he would be willing to help the defendant attend Alcoholics Anonymous meetings to cure the defendant's drinking problem.

■ As the first proposition, defendant urges that during his closing arguments the Assistant District Attorney made improper and prejudicial references to the defendant's prior conviction and in doing so denied the defendant a fair and impartial trial. The defendant points out that allusions to prior convictions can only be made for the purpose of attacking credibility and our agreement here is reiterated in a wealth of cases. *Brooks v. State*, Okl.Cr., 533 P.2d 639 (1975); *Brown v. State*, Okl.Cr., 487 P.2d 963 (1971); *Relf v. State*, 44 Okl.Cr. 239, 280 P. 851 (1929). The defendant contends, however, that this boundary was exceeded in the State's closing arguments. With this we do not agree. The Assistant District Attorney did not dwell on collateral matters, nor did he discuss events other than convictions such as occurred in the cases the defendant cites as

authority. In point of fact the prosecution warned the jury against using the prior convictions as evidence of guilt (Tr. 83). The impropriety of closing arguments is governed by *Kennamer v. State*, 59 Okl.Cr. 146, 57 P.2d 646, 648 (1936), wherein the Court said in the twelfth paragraph of its syllabus:

> "The right of argument contemplates a liberal freedom of speech, and the range of discussion, illustration, and argumentation is wide. Counsel for both the state and the defendant had a right to discuss fully from their standpoint the evidence and the inferences and deductions arising from it. It is only when argument by counsel for the state is grossly improper and unwarranted upon some point which may have affected defendant's rights that a reversal can be based on improper argument."

Application of this standard makes defendant's position untenable.

The defendant's second proposition asserts that, in light of the fact that there was no accident, personal injury or property damage, the sentence imposed was excessive. The defendant cites *Broome v. State*, Okl.Cr., 440 P.2d 761 (1968), wherein this Court did modify the sentence imposed. Readily distinguishable factors between Broome and this controversy present themselves in that the original sentence in Broome was five (5) years (the maximum by law) and not the two and one-half (2½) years sentence imposed in this case. In *Broome* the Court reduced the sentence to two years. Also present in *Broome* was a voluntary statement by a witness which related to the jury that the defendant had previously been charged with a number of other crimes. While the jury was instructed to ignore the statement they seemingly did not do so. Viewing the extensive evidence of guilt and the procedure at trial this Court can not say that the sentence is so excessive as to shock the conscience hence, we are without the power to modify. *LaRue v. State*, Okl.Cr., 404 P.2d 73

(1965); *Anderson v. State*, Okl.Cr., 523 P.2d 1099 (1974).

For the above and foregoing reasons the judgment and sentence appealed from is AFFIRMED.

BRETT, P. J., and BUSSEY, J., concur.