Gene Edward COOPER, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–88–1018.

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1991.

Redmond P. Kemether, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Steven S. Kerr, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Presiding Judge:

Appellant was convicted of Possession of a Controlled Dangerous Substance with Intent to Distribute After Former Conviction of Two or More Felonies (63 O.S.1981, § 2–401) in District Court of Oklahoma County, Case No. CRF–88–1899. The jury recommended that Appellant serve fifty (50) years in the custody of the Department of Corrections and the trial court sentenced accordingly. He has appealed alleging that his arrest was illegal thus, his motion to suppress the evidence should have been granted, that the testimony of the arresting officer contained a number of improper "evidentiary harpoons," that his conviction was enhanced improperly and under the wrong statute, that evidence of parole was placed before the jury and that the prosecutor made a number of comments which were unfairly prejudicial. We have re-viewed these allegations and do not find reason to reverse or modify the conviction.

Appellant's first allegation of error concerns the propriety of his arrest. He claims that the arresting officer did not have probable cause to arrest him, thus evidence obtained during a subsequent search must be suppressed. Review of the facts involving the arrest reveal that there is no merit to this argument.

Oklahoma City Police Officer Phil Davis had apparently had contact with Appellant on several occasions. During an unrelated drug raid, he was informed that Appellant was selling controlled substances. Davis testified after receiving this information, he kept a lookout for Appellant in the bars that were in his territory, intending to investigate the statement. He knew from past experience that Appellant generally set up in some small bar to sell drugs.

On the day of Appellant's arrest, Davis arrested Appellant's daughter earlier in the day. Although the arrest had nothing to do with Appellant, Davis asked the daughter which bar her father was currently frequenting. She told him that Appellant hung out at the Horseshoe Lounge at S.W. 29th and Kentucky.

Davis went over to the Horseshoe lounge that afternoon. He did not know if Appellant would be at the bar, but he intended to perform a routine bar check with the hope of finding Appellant. When Davis entered the bar, he saw Appellant standing at the shuffleboard table. When Appellant saw the officer, he immediately turned to the wall and put his hand inside his jacket. He dropped a crumpled cigarette package on the floor under the table.

Davis immediately asked Appellant to put his hands in the air. Davis reached down and retrieved the package which contained 24 small plastic bags which contained powdery substances later identified as amphetamine and methamphetamine.

Appellant now claims that the crumpled package which Davis picked up from the floor was obtained as the result of an illegal arrest and should have been suppressed. We disagree. Although Appel-

lant attempts to frame his argument in terms of whether the officer had probable cause to investigate Appellant, this is not the focus of our review. Whatever motives Davis may have had for going into the bar are totally irrelevant. Whether or not he hoped to find Appellant has no bearing on whether or not the officer had a right to be where he was at the time the drugs were discovered. Officer Davis was in the bar performing a routine bar check when he saw Appellant turn, rummage in his coat and then drop a package on the floor. The officer said nothing at all to Appellant until after this suspicious behavior was completed.

At the time the officer picked up the package from the floor, he had done nothing with regard to Appellant other than ask him to put his hands in the air. Certainly this request was made for the safety of the officer while he got the package off the floor. Appellant was never under arrest or questioned until after the officer found the drugs in the crumpled package. Unlike the cases cited by Appellant, most notably *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) and *Revels v. State*, 666 P.2d 1298 (Okl.Cr.1983), this was not a case where a suspect was stopped by an officer and searched based on a belief by the officer that the accused had been involved in a crime. On the contrary, no move had been made by Davis before the package was dropped on the ground.

At the point when Davis bent down to pick up the package, there had been no arrest and certainly no search. At most, Davis' request that Appellant raise his arms into the air would have been for the purpose of an investigatory detention as defined in *Castellano v. State*, 585 P.2d 361, 365 (Okl.Cr.1978). While the request of necessity momentarily restricted Appellant's freedom of movement, there was no attempt at that point to restrain him or take him into custody. The officer was simply concerned with his own safety while he bent down to the floor.

The evidence offered against Appellant, the cigarette package and the substances which were found inside, resulted from the retrieval of abandoned property and were not in any way involved with a search of Appellant. As was the case in *Atterberry v. State*, 726 P.2d 898 (Okl.Cr.1986), when the package was dropped on the floor, it must be considered to have been abandoned. In connection with this conclusion, we must consider Appellant's defense at trial was that the package did not belong to him. In *Atterberry* we held that when property had been abandoned by a suspect, "he had no further reasonable expectation of privacy and could not thereafter complain of the seizure" by the police officer. *Id.* at 899. We find the same to be true here. The package was clearly abandoned by Appellant. There was nothing improper in the manner in which the evidence offered at trial was obtained. Accordingly, the motion to suppress was properly denied.

■ Appellant next complains that during his testimony, Officer Davis made several statements which must be considered evidentiary harpoons. We have reviewed the comments identified by Appellant and find that there was no objection to any of the answers at the time the testimony was given. We have long held that unless an appropriate objection is lodged at the trial court at the proper time, any potential error has not been preserved. We will not consider allegations of evidentiary harpooning by a police officer for the first time on appeal. *Geimausaddle v. State*, 718 P.2d 711 (Okl.Cr.1986); *Odum v. State*, 651 P.2d 703 (Okl.Cr.1982); *Bruner v. State*, 612 P.2d 1375 (Okl.Cr.1980).

■ In his third proposition of error, Appellant alleges that his sentence was improperly enhanced with convictions which arose out of the same transactions or occurrences. The State offered proof that Appellant had been previously convicted of five felonies. On appeal, Appellant points out that he entered pleas to three of the charges on March 7, 1980, and to the other two on October 18, 1984. He claims now that the multiple charges which he pled to on each of the two occasions arose out of the same criminal activity.

We agree with Appellant that if his claims are true, then the law prohibits the use of all the convictions for enhancement of his sentence. 21 O.S.1981, § 51(B). It is equally true, however, that Appellant bears the burden of establishing the connective nature of the convictions. *Hammer v. State*, 760 P.2d 200 (Okl.Cr.1988). The fact that the convictions were all entered on one of two dates is not conclusive of the relationship between the crimes. *Vowell v. State*, 728 P.2d 854 (Okl.Cr.1986). Appellant did not raise any objection in this regard at trial and did not make any record concerning the facts of the crimes. *Shepard v. State*, 756 P.2d 597 (Okl.Cr.1988). Any error is waived.

Although we find this allegation to have been waived, we find that in light of the fact that there is admittedly at least two different transactions or occurrences, notwithstanding his allegations concerning the others, there were still two convictions remaining which were properly used as enhancement. *Browning v. State*, 648 P.2d 1261 (Okl.Cr.1982). No error has been identified.

■ Appellant next contends that the State was improperly allowed to introduce evidence in the second stage of the trial which placed the issues of pardon and parole into the jury's deliberations. Specifically he claims that it was error to allow the jury to see the documents introduced to prove the prior convictions because they contained information concerning the length of his sentences. He argues that because he was up on the current charges before the expiration of the sentence in the previous cases, the jury would assume that he was on parole or probation.

While it is true that we have held this type of information should not be submitted to the jury, we have also held that it is the defendant's responsibility to object to the notations prior to the jury's deliberations, which was not done here. With regard to this same argument, we held in *Camp v. State*, 664 P.2d 1052, 1054 (Okl. Cr.1983):

> The introduction or refusal of evidence is a matter for the exercise of discretion by the trial court.... The judgment and sentence is a proper part of the proof of a former felony conviction.... The danger of prejudice did not substantially outweigh the probative value of the evidence.... Appellant suggests that portions of the instruments should have been excised by the trial court, but no such request was made by appellant at trial. (Citations omitted.)

■ Appellant's final contention concerning the enhancement of his sentence challenges the use of the general enhancement provisions of 21 O.S.1981, § 51(B) rather than the specific statutes dealing with second or subsequent drug convictions found in 63 O.S.1981, § 2–402. We have previously dispensed with this argument on a number of occasions, holding that if any of the previous convictions are non-drug related, enhancement may be under either section at the prosecutor's option. *Mitchell v. State*, 733 P.2d 412 (Okl.Cr.1987). We see no reason to discuss the issue further.

■ The final proposition of this appeal concerns a number of comments made by the prosecutor during either his closing argument or during his cross-examination of defense witnesses. Insofar as there were no objections to any of the identified comments, we have reviewed only for fundamental error, which we do not find. *Shelton v. State*, 793 P.2d 866, 871 (Okl.Cr. 1990); *Thomason v. State*, 763 P.2d 1182 (Okl.Cr.1988); *Smith v. State*, 737 P.2d 1206 (Okla.Cr.1987) *cert. denied* 484 U.S. 959, 108 S.Ct. 358, 98 L.Ed.2d 383 (1987). None of the comments were so far out of the realm of legitimate argument that relief is required by this Court.

After review of the errors alleged by Appellant, we are unable to conclude that any error has occurred which requires either reversal or modification of Appellant's sentence. Accordingly, the judgment and sentence is AFFIRMED.

LUMPKIN, V.P.J., and BRETT, PARKS and JOHNSON, JJ., concurs.