John David KOLBERG, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–95–1355.

Court of Criminal Appeals of Oklahoma.

Aug. 22, 1996.

Karen E. Byars, Oklahoma City, for appellant at trial.

H. Edward Terry, Asst. District Attorney, Shawnee, for the State at trial.

Thomas Purcell, Appellate Defense Counsel, Norman, for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma and Katharine J. Hodgins, Assistant Attorney General, Oklahoma City, for the State on appeal.

## SUMMARY OPINION

LUMPKIN, Judge:

Appellant John David Kolberg was tried by jury in Pottawatomie County Case No. CRF–95–415 and convicted of Count I, Escape from Arrest or Detention (21 O.S.1991, § 444(C)) and Count II, Driving While Under the Influence of Intoxicating Beverage, second and subsequent offense (47 O.S.Supp. 1995, § 11–902). The jury recommended he be sentenced to a term of five (5) years imprisonment on Count I and seven (7) years imprisonment and a five-thousand-dollar ($5,000) fine on Count II. The trial court sentenced accordingly, ordering the sentences to be served consecutively. It is from this judgment and sentence that Appellant appeals. We publish because of two issues of first impression.

In his first proposition of error, Appellant claims because he had not been convicted of driving under the influence within ten years before his present conviction, this conviction should be modified to a misdemeanor. We agree.

■ The felony conviction for driving under the influence of an intoxicating beverage to which Appellant pled guilty was dated January 11, 1984. This offense occurred on October 11, 1995. The applicable statute reads in pertinent part:

> C. . . . Any person who, within ten (10) years after a previous conviction of a violation of this section or a violation pursuant to the provisions of any law of another state prohibiting the offense provided in subsection A of this section [driving while under the influence], is convicted of a second offense . . . shall be deemed guilty of a felony . . . .

47 O.S.Supp.1995, § 11–902. Appellant points to the language "[a]ny person who, within ten (10) years after a previous *conviction* of a violation of this section . . ., is convicted of a second offense . . . shall be deemed guilty of a felony . . . ." He argues the use of the word "conviction" indicates that for a prior DUI to be used for enhancement, the "conviction," not the expiration of sentence, must have occurred within 10 years before the commission of the subsequent crime. We agree.

The State cites to the general enhancement provision, which reads:

> No person shall be sentenced as a second and subsequent offender under Section 51 of Title 21, or any other section of the Oklahoma Statutes, when a period of ten (10) years has elapsed since the completion of the sentence imposed on the former conviction; provided, said person

has not, in the meantime, been convicted of a misdemeanor involving moral turpitude or felony.

21 O.S.1991, § 51A. Pointing to the language "the completion of the sentence" and "or any other section of the Oklahoma Statutes," the State argues this provision encompasses the DUI statute which is in "any other section" of the statutes. The State argues that since Appellant received a two-year sentence for his January 1984 DUI, his sentence had not expired at the time he was arrested for this crime, and enhancement was proper.

■ Specific provisions control over general. *See* 21 O.S.1991, § 11. Concerning the DUI statute, this Court has specifically held that the provisions of the general statute (21 O.S.1991, § 51) are inapplicable to offenses under Section 11–902 of Title 47. *Broome v. State,* 440 P.2d 761, 763 (Okl.Cr.1968). In *Thorp v. State,* 96 Okl.Cr. 135, 250 P.2d 66 (1952), we addressed the DUI provision from a different perspective. In that case, a person charged with driving under the influence in Oklahoma had a previous conviction for the same offense in Texas. The trial court allowed use of the Texas conviction to enhance the charge to a felony. This Court addressed it from the question whether the district court had jurisdiction (this was before statutory and constitutional changes gave district courts general jurisdiction over all misdemeanors filed). However, the language the Court used is illustrative.

In the statute under consideration the following language is controlling "Any persons found guilty of a second offense under the provisions of this Act shall be deemed guilty of a felony and upon conviction therefor shall be punished...." ... The plain language of the provisions of Title 47, § 93, O.S.A.1941, limits second offenses to those within the provisions of this act. It is therefore apparent that the prior Texas violation not being within the provisions of our drunken driving statute does not form a proper predicate for the second offense charged herein. Moreover the drunken driving statute is special legislation and being such, we are confronted with the

provisions of Title 21, § 11, O.S.A.1941, as follows:

[the statute was quoted]

Thus it clearly appears that *the general provisions of the penal code, Title 21, §§ 51, 54, O.S.A.1941, covering second and subsequent offenses and extending jurisdiction to cover convictions had in other states, cannot be invoked because of the provisions of the special statute,* Title 47, § 93, O.S.A.1941, to which the state in this instance is limited and because of the provisions of Title 21, § 11, O.S.A.1941, supra, the state is not permitted to invoke the provisions of the general statute.

*Id.* at 136–37, 250 P.2d at 68 (emphasis added). Based on this reasoning, the conviction was reversed.

■ The same rationale applies here. The specific section dealing with enhancement for driving under the influence takes precedence over the general statute contained at 21 O.S. 1991, § 51. Had the Legislature intended to encompass the sentence being served into the time constraints of 47 O.S.Supp.1995, § 11–902, it would have done so.

Appellant did not object at trial to the procedure, and did not call this flaw to the trial court's attention. He has therefore waived it for all but plain, reversible error. Here, it is. There can be no "grave doubt" this error exerted "substantial influence" on the outcome of the trial. *Simpson v. State,* 876 P.2d 690, 702 (Okl.Cr.1994).

■ Based on the above analysis, we find merit to the first proposition of error. Appellant does not seek reversal, only that his conviction be modified to a misdemeanor. Given that the jury decided at trial the maximum punishment was appropriate, we hereby order MODIFIED the judgment and sentence in Count II, Driving while Under the Influence of Intoxicating Beverage, to reflect a misdemeanor conviction. We order Appellant be sentenced to one (1) year in the county jail and pay a fine of $1,000.00.

■ In his second proposition, Appellant argues because he was under arrest for a misdemeanor charge of driving under the influence, his escape from that arrest was also a misdemeanor; therefore, his conviction

for felony escape must be modified to a misdemeanor. We agree. There being no felony charge or conviction for driving under the influence, there can be no felony escape based on that charge. The statute under which he was charged reads:

A. It is unlawful for any person, after being lawfully arrested or detained by a peace officer, to escape or attempt to escape from such peace officer.

B. Such person who escapes or attempts to escape after being lawfully arrested or detained for custody for a misdemeanor offense shall be guilty of a misdemeanor.

C. Such person who escapes or attempts to escape after being lawfully arrested or detained for custody for a felony offense shall be guilty of a felony.

21 O.S.1991, § 444. In *Tyler v. State,* 777 P.2d 1352 (Okl.Cr.1989), this Court held that the first paragraph of the statute constituted the crime, and the last two paragraphs designated the punishment. During the first stage of a trial, the State had to prove (1) escape or attempted escape, (2) from a peace officer, (3) after being lawfully detained or arrested by such officer. *Id.* at 1353. We also held the prosecution was not required to allege anything other than the elements of the crime, i.e., only an escape, not whether he was being held for a misdemeanor or a felony. *Id.* The prosecution is not required to prove during the first stage of a crime whether the underlying offense is a felony or a misdemeanor. *Id.*

Here, the prosecution proved Appellant escaped. The second portion of the trial would determine whether he was guilty of felony escape or misdemeanor escape. Based on the discussion in proposition one, above, the prosecution failed to prove Appellant committed a felony DUI. A fair reading of *Tyler* would indicate Appellant was convicted only of a misdemeanor; therefore, the escape upon which that arrest was made constituted a misdemeanor. *Cf. McCoy v. State,* 699 P.2d 663, 664 (Okl.Cr.1985) (State failed to prove at trial a defendant, convicted in first stage of possession of marijuana, had previously been convicted of a drug related offense. Drawing on analogy of DUI statute,

this Court held the defendant could not be lawfully convicted of a second (felony) offense under § 2–402(B)(2) of Title 63.). Again, there was no objection; but again, there can be no "grave doubt" the error here contributed to the outcome of the trial. *Simpson,* 876 P.2d at 702.

We therefore modify the conviction for escape to reflect a misdemeanor conviction instead of a felony conviction. Again, Appellant does not seek reversal, only modification to a misdemeanor. Accordingly, we hereby order MODIFIED Appellant's conviction for Count I, Escape from Arrest or Detention, to reflect a misdemeanor conviction and a sentence of one (1) year in the county jail. As we find no merit to Appellant's third proposition of error (that the trial court erred in running the sentences consecutively), we order the sentences to run consecutively. We also find no merit to Appellant's fourth and fifth propositions of error, which were:

IV. The trial court erred in refusing defense counsel's written requested instructions on the lesser included offense of driving while impaired;

V. Appellant was denied a fair trial by the introduction of a sobriety test that was not shown to be accepted by the scientific community.

Accordingly, Appellant's convictions are **AFFIRMED** as **MODIFIED.**

### DECISION

The Judgments and Sentences of the trial court are REMANDED with instructions the sentences be MODIFIED to reflect each is a misdemeanor conviction. Each sentence shall be modified to reflect a term of one (1) year in the county jail. The sentences shall run consecutively. In addition, as a result of the conviction for driving while under the influence, Appellant is ordered to pay a fine of $1,000.00.

JOHNSON, P.J., CHAPEL, V.P.J., and LANE and STRUBHAR, JJ., concur.