OSCN Found Document:NEWLUN v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 NEWLUN v. STATE
2015 OK CR 7
Case Number: F-2014-335
Decided: 04/16/2015
STARR FERNETTE NEWLUN, Appellant, v. STATE OF OKLAHOMA, Appellee.
Cite as: 2015 OK CR 7, __ __

 
 



OPINION



JOHNSON, JUDGE:


¶1 Appellant Starr Fernette Newlun, was tried in a non-jury trial in the District Court of Tulsa County, Case No. CF-2013-843, and convicted of Aggravated Driving Under the Influence of Alcohol, after former conviction of a felony DUI (Count 1), in violation of 47 O.S.Supp.2012, § 11-902(D), and Failure to Yield at an Intersection (Count 2), in violation of 47 O.S.2011, § 11-403. The Honorable William C. Kellough, who presided at trial, sentenced Newlun to five years suspended and a $600.00 fine for Count 1 and a fine of $10.00 for Count 2. From this Judgment and Sentence, Newlun appeals, raising the following questions:



(1) whether the present driving under the influence of alcohol--aggravated offense is a felony; and

(2) whether Oklahoma legal authority provides that a subsequent offense of driving under the influence of alcohol, committed over ten years after the sentence imposed on the previous offense has been completed, can be treated as a felony.



¶2 We find relief is required and that the district court's Judgment and Sentence on Count 1 should be modified. The Judgment and Sentence on Count 2 is affirmed.

Background

¶3 On November 3, 2012, Starr Newlun was stopped in Tulsa after Captain Robert Holman with the Tulsa County Sheriff's Office saw her hit a curb with her car three times and run a stop sign. Newlun smelled strongly of alcohol, had slurred speech, bloodshot watery eyes and difficulty standing. She admitted to being drunk and failed several field sobriety tests. She also agreed to take a breath test which showed a result of .22 BAC, fifteen hundredths over the limit.

¶4 Newlun was subsequently charged and convicted of felony aggravated driving under the influence (DUI), after a prior felony DUI. She had been previously convicted of felony DUI on October 22, 1997, and sentenced to two years imprisonment. Prior to trial on this case, Newlun filed a motion to dismiss arguing that she could be convicted only of misdemeanor DUI in this case because her prior felony DUI conviction was committed and the resulting sentence completed more than ten years before the crime in this case was committed. The trial court denied Newlun's motion, finding that "once a person has achieved a felony status, [ ] the ten year rule does not apply."

Propositions

¶5 Newlun argues on appeal that the trial court's ruling was in error and that under 47 O.S.Supp.2012, § 11-902, her conviction for DUI in this case should be a misdemeanor, not a felony. Because this claim raises an issue of statutory interpretation, it presents a question of law that this Court reviews de novo. Hunt v. State, 2014 OK CR 17, ¶ 3, __ P.3d __; State v. Davis, 2011 OK CR 22, ¶ 5, 260 P.3d 194, 195.

¶6 Title 47 O.S.Supp.2012, § 11-902(C)(1) provides that a person convicted of driving under the influence "shall be guilty of a misdemeanor for the first offense." This section further provides that if, during the period of court-imposed probation or within ten years of the date following the completion of the execution of any sentence or deferred judgment for a violation of this section, a person commits a second offense pursuant to the provisions of this section, that person shall, upon conviction, be guilty of a felony. 47 O.S.Supp.2012, § 11-902(C)(2). This section also addresses the punishment provisions for those convicted of second and third or subsequent felony offenses of this section. 47 O.S.Supp.2012, § 11-902(C)(3)&(4).

¶7 As to aggravated driving under the influence, 47 O.S.Supp.2012, § 11-902(D) provides, "[a]ny person who is convicted of a violation of driving under the influence with a blood or breath alcohol concentration of fifteen-hundredths (0.15) or more pursuant to this section shall be deemed guilty of aggravated driving under the influence." This subsection further provides:



Nothing in this subsection shall preclude the defendant from being charged or punished as provided in paragraph 1, 2, 3, 4 or 5 of subsection C of this section. Any person who is convicted pursuant to the provisions of this subsection shall be guilty of a misdemeanor for a first offense and shall be punished as provided in paragraph 1 of subsection C of this section. Any person who, during the period of any court-imposed probationary term or within ten (10) years of the completion of the execution of any sentence or deferred judgment, commits a second violation of this subsection shall, upon conviction, be guilty of a felony and shall be punished as provided in paragraph 2 of subsection C of this section. Any person who commits a second felony offense pursuant to this subsection shall, upon conviction, be guilty of a felony and shall be punished as provided in paragraph 3 of subsection C of this section. Any person who commits a third or subsequent felony offense pursuant to the provisions of this subsection shall, upon conviction, be guilty of a felony and shall be punished as provided in paragraph 4 of subsection C of this section.



¶8 A fundamental principle of statutory construction requires this Court to determine and give effect to the intention of the Legislature. State v. Iven, 2014 OK CR 8, ¶ 13, 335 P.3d 264, 168. Legislative intent is determined first by the plain and ordinary language of the statute. Johnson v. State, 2013 OK CR 12, ¶ 10, 308 P.3d 1053, 1055. "A statute should be given a construction according to the fair import of its words taken in their usual sense, in conjunction with the context, and with reference to the purpose of the provision." Id. (citation omitted). When language of a statute is unambiguous, resort to additional rules of construction is unnecessary. Barnard v. State, 2005 OK CR 13, ¶ 7, 119 P.3d 203, 205-06. We must hold a statute to mean what it plainly expresses and cannot resort to interpretive devices to create a different meaning. Johnson, 2013 OK CR 12, ¶ 10, 308 P.3d at 1055.

¶9 Additionally, a primary rule of statutory construction, the "rule of lenity," requires that we construe statutes strictly against the state and liberally in favor of the accused. State v. Day, 1994 OK CR 67, ¶ 11, 882 P.2d 1096, 1098. "[W]ords not found in the text of a criminal statute will not be read into it for the purpose of extending it or giving it an interpretation in conformity with a supposed policy." State v. District Court of Cleveland County, State of Okl., 1991 OK CR 68, ¶ 6, 816 P.2d 552, 554



A statute will not be enlarged by implication or intendment beyond the fair meaning of the language used, or what their terms reasonably justify, and will not be held to include offenses and persons other than those which are clearly described and provided for, although the court in interpreting and applying particular statutes may think the legislature should have made them more comprehensive.



State v. Tran, 2007 OK CR 39, ¶ 8, 172 P.3d 199, 200, quoting Matthews v. Powers, 1967 OK CR 37, ¶ 10, 425 P.2d 479, 482. As we said in State v. Young, 1999 OK CR 14, ¶ 27, 989 P.2d 949, 955, "[i]t is not our place to interpret a statute to address a matter the Legislature chose not to address, even if we think that interpretation might produce a reasonable result."
"The purpose of strict construction is not to reward those who commit acts which should be punishable. Rather, it is to ensure that when liberty is at stake, all citizens have fair and clear warning of what conduct is prohibited, and, equally important, the severity of punishment for any infraction." Durant v. State, 2008 OK CR 17, ¶ 8, 188 P.3d 192, 194.

¶10 In Kolberg v. State, 1996 OK CR 41, ¶ 2-8, 925 P.2d 66, 67-68, this Court addressed an issue similar to the one in this case under facts similar to those presented here. The defendant in Kolberg was charged and convicted of DUI, second and subsequent offense. His prior conviction was for felony DUI. As in the present case, the felony DUI at issue in Kolberg occurred over ten years after his first felony DUI conviction. Kolberg argued, and this Court agreed, that because his conviction on the first felony DUI had occurred over ten years before he committed the second felony DUI, the time constraints of section 11-902 required that his second felony DUI be modified to misdemeanor DUI.[1] Appellant Newlun relies upon Kolberg to support her position that her felony DUI should also be modified to a misdemeanor. This published authority is both on point and persuasive.

¶11 The plain language of section 11-902 specifies that the first offense of DUI is a misdemeanor and a second offense of DUI committed while a person is on probation or within ten years of the date following the completion of the execution of any sentence or deferred judgment for a DUI under this section, is a felony. Nothing in the plain language of the statute supports an interpretation that once a person has been convicted of a felony he cannot subsequently be convicted of a misdemeanor DUI if his next offense occurs more than ten years after the completion of his sentence for the prior DUI. While the State argues that the legislature's omission of time limitations from subsections 3 and 4 of section 11-902(C) supports the conclusion that second and third DUI offenses are felonies, these subsections address only the punishment provisions for second and third felonies.[2] They do not define the circumstances under which second and third DUI offenses actually become felonies. The language in section 11-902(C)(3)&(4) does not preclude the Kolberg interpretation allowing a person to be convicted of a misdemeanor after a felony DUI conviction. While it might be reasonable policy to preclude a person who has a felony DUI from ever again being charged with a misdemeanor DUI, policy matters fall within the purview of the legislature and not the Court. Johnson v. State, 2012 OK CR 5, ¶ 34, 272 P.3d 270, 732; Hogan v. State, 2006 OK CR 19, ¶ 82, 139 P.3d 907, 934. Given the plain language of section 11-902, we follow our published precedent in this case and modify Newlun's felony DUI to a misdemeanor.

DECISION

¶12 The district court's Judgment on Count 1 is MODIFIED to misdemeanor aggravated driving under the influence and the Sentence is MODIFIED to one year in jail suspended. The Judgment and Sentence on Count 2 is AFFIRMED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2015), the MANDATE is ORDERED issued upon delivery and filing of this decision.

AN APPEAL FROM THE DISTRICT COURT OF TULSA COUNTY
THE HONORABLE WILLIAM C. KELLOUGH, DISTRICT JUDGE

 

APPEARANCES AT TRIAL                                       APPEARANCES ON APPEAL

 


 
 
 
 GREGORY N. HOPE
 1825 E. 15TH STREET
 TULSA, OK 74104
 ATTORNEY FOR DEFENDANT
 
 
 E. ZACH SMITH
 GREGORY N. HOPE
 1825 E. 15TH STREET
 TULSA, OK 74104
 ATTORNEYS FOR APPELLANT
 
 
 
 
 JAMES PFEFFER
 ASSISTANT DISTRICT ATTORNEY
 TULSA COUNTY COURTHOUSE
 500 S. DENVER
 TULSA, OK 74103
 ATTORNEY FOR STATE
 
 
 E. SCOTT PRUITT
 OKLAHOMA ATTORNEY GENERAL
 DIANE L. SLAYTON
 ASSISTANT ATTORNEY GENERAL
 313 N.E. 21ST STREET
 OKLAHOMA CITY, OK 73105
 ATTORNEYS FOR APPELLEE
 
 
 



OPINION BY: JOHNSON, J.
SMITH, P.J.: Concur in Results
LUMPKIN, V.P.J.: Concur
LEWIS, J.: Concur



FOOTNOTES


[1] At the time Kolberg was decided, section 11-902(C) provided that, "[a]ny person who, within ten (10) years after a previous conviction of a violation of this section . is convicted of a second offense . shall be deemed guilty of a felony." (emphasis added). This distinction from the current version of section 11-902(C) is not consequential to the analysis in this case.



[2] In support of its position, the State relies upon the unpublished case of Byrd v. State, F-2004-1080 (January 20, 2006). In Byrd, the defendant was convicted of DUI, third offense, after former conviction of a felony. Byrd had two prior felony DUI convictions. In finding that the two prior DUI convictions could be used to enhance Byrd's current DUI sentence, the Court noted first that under 47 O.S. 11-902(C)(2) any person who commits a second DUI within ten years of a previous DUI conviction is guilty of a felony. The Court went on to state that, "for a conviction on a 3rd or subsequent DUI, there is no time restriction or age requirement of the prior felony." The Court cited 47 O.S. 11-902(C)(4) in support of this conclusion. We need not overrule the holding in Byrd as it is unpublished and has no precedential value.










 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1991 OK CR 68, 816 P.2d 552, STATE v. DISTRICT COURT OF CLEVELAND CTY.
Discussed
 1994 OK CR 67, 882 P.2d 1096, STATE v. DAY
Discussed
 1996 OK CR 41, 925 P.2d 66, KOLBERG v. STATE
Discussed
 2005 OK CR 13, 119 P.3d 203, BARNARD v. STATE
Discussed
 2006 OK CR 19, 139 P.3d 907, HOGAN v. STATE
Discussed
 2007 OK CR 39, 172 P.3d 199, STATE v. TRAN
Discussed
 2008 OK CR 17, 188 P.3d 192, DURANT v. STATE
Discussed
 2011 OK CR 22, 260 P.3d 194, STATE v. DAVIS
Discussed
 2012 OK CR 5, 272 P.3d 720, JOHNSON v. STATE
Cited
 2013 OK CR 12, 308 P.3d 1053, JOHNSON v. STATE
Discussed at Length
 2014 OK CR 8, 335 P.3d 264, STATE v. IVEN
Discussed
 2014 OK CR 17, STATE v. HURT
Cited
 1967 OK CR 37, 425 P.2d 479, MATTHEWS v. POWERS
Discussed
 1999 OK CR 14, 989 P.2d 949, 70 OBJ 1076, State v. Young
Discussed
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 11-403, Vehicle Entering Stop or Yield Intersection
Cited
 47 O.S. 11-902, Persons Under the Influence of Alcohol or Other Intoxicating Substance or Combination Thereof
Discussed at Length