OSCN Found Document:STATE v. BLACKSHER

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE v. BLACKSHER
2016 OK CR 8
Case Number: S-2015-801
Decided: 04/04/2016
STATE OF OKLAHOMA, Appellant, v. KEVIN DALE BLACKSHER, Appellee.
Cite as: 2016 OK CR 8, __ __

 



 





S U M M A R Y O P I N I O N 







LUMPKIN, VICE-PRESIDING JUDGE:



¶1 Appellee Kevin Dale Blacksher was charged in the District Court of Lincoln County with Driving Under the Influence (DUI) - Felony, After Former Conviction of Two or More Felonies (Count I) (47 O.S.Supp.2013, § 11-902(C)(2)); Driving with a Suspended License (Count II) (47 O.S.2011, § 6-303(B))(misdemeanor); Failure to Carry Insurance/Security Verification Form (Count III) (47 O.S.2011, § 7-602)(misdemeanor) and Speeding (Count IV) (47 O.S.2011, § 11-801(B)) (misdemeanor), Case No. CF-2014-264. The State filed a Second Page Supplemental Information alleging seven prior convictions. Two of these prior convictions were misdemeanor convictions for DUI and were used to increase the DUI charge to Felony DUI. The additional prior convictions were for Second Degree Burglary, Felony Possession of Marijuana - Second Offense, and three convictions for Knowingly Concealing Stolen Property. With these five prior convictions, the State sought to enhance the range of punishment for the felony DUI charge pursuant to 21 O.S.2011, § 51.1.


¶2 The defense filed a Motion to Quash the second page arguing that the five prior non-DUI related convictions could not be used to enhance punishment as they did not fall under Title 47 and only prior convictions under Title 47 could be used to enhance the punishment for the felony DUI charge. The State responded that the non-DUI related prior convictions could be used for enhancement purposes under Section 51, the general sentence enhancement provision of the Habitual Offender Act, 21 O.S.2011, § 51.1. After hearing arguments, the trial court ruled the non-DUI related prior convictions could not be used to enhance the punishment for the felony DUI and granted the Motion to Quash, striking the second page of the Information.


¶3 The State now appeals from the District Court's decision pursuant to 22 O.S.2011, § 1053(1) and raises the following proposition of error:




I. The trial court erred in dismissing the Supplemental Information.




¶4 After thorough consideration of this proposition of error and the entire record before us on appeal including the original record, transcripts, and briefs of the parties, we find the ruling of the District Court granting the Motion to Quash is reversed and vacated and the matter is remanded to the District Court for proceedings consistent with this opinion.


¶5 In appeals brought to this Court pursuant to 22 O.S.2011, § 1053, we review the trial court's decision to determine if the trial court abused its discretion. State v. Hooley, 2012 OK CR 3, ¶ 4, 269 P.3d 949, 950. An abuse of discretion is any unreasonable or arbitrary action taken without proper consideration of the facts and law pertaining to the matter at issue or a clearly erroneous conclusion and judgment, one that is clearly against the logic and effect of the facts presented. Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170.


¶6 This Court has not resolved this precise issue in a published opinion. Pursuant to Rule 3.5(C)(3), Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2016), Appellant has brought to our attention an unpublished opinion by Judge Chapel, VanWoundenberg v. State, F-2002-899 (not for publication, July 22, 2003).[1] Appellant has affixed a copy of the unpublished opinion to its brief and argues that it resolves the issue before us. We have reviewed the opinion and find it well reasoned and applicable to the issue at hand. We liberally quote from it in arriving at our decision herein.


¶7 In VanWoundenberg, the defendant had three prior felony convictions for DUI and three prior felony convictions for non-DUI related offenses. This Court held the State properly used one of the prior DUI convictions to enhance the charge from a misdemeanor to a felony and the non-DUI felony convictions to enhance the range of punishment under § 51. In arriving at this conclusion, the Court relied on Cooper v. State, 1991 OK CR 26, 806 P.2d 1136.


¶8 In Cooper, the defendant was charged with drug offenses committed under the Uniform Controlled Dangerous Substances Act but had both drug related and non-drug related prior convictions. He claimed his sentence should have been enhanced only under the specific provisions found in the controlled dangerous substances statutes. We held that the prosecutor may elect enhancement under the general sentencing statute, § 51.1, or the specific drug statute, where a defendant had both drug-related and non-drug related prior convictions. Cooper, 1991 OK CR 26, ¶ 17, 806 P.2d at 1139. See also Novey v. State, 1985 OK CR 142, ¶ 14, 709 P.2d 696, 699-700 (where defendant has drug related and non-drug related prior convictions, prosecution may elect to enhance under either § 51 or the uniform controlled dangerous substance act, but not both); Hayes v. State, 1976 OK CR 113, ¶ 15, 550 P.2d 1344, 1348 (punishment for a drug related offense could be properly enhanced pursuant to § 51 if the prior offense alleged was a non-drug related felony).


¶9 The Appellant in VanWoundenberg and the Appellee in the present case assert this principle does not apply to the sentence enhancement of a DUI offense as this Court has noted the specific, controlling nature of the Title 47 DUI statutes citing Kolberg v. State, 1996 OK CR 41, 925 P.2d 66. In Kolberg, we said the specific provisions of Title 47 take precedence over the more general provisions of § 51. Despite this sweeping pronouncement, Kolberg does not interpret the sentence enhancement question as described in Cooper. Kolberg concerned the Title 47 requirement that a misdemeanor driving under the influence charge becomes a felony only where a defendant's prior conviction for driving under the influence is within ten years of the charged offense. This Court found that the explicit differing language in Title 47 specifically controlled over the general language of § 51, and held that a prior conviction under Title 47 must be within ten years, as the statute required. Kolberg, 1996 OK CR 41, ¶ 6, 925 P.2d at 68. This is a completely different issue from the case now before us and Kolberg does not apply to the issue of sentence enhancement for a DUI offense when a defendant has a variety of prior convictions.


¶10 The Appellee also directs us to Newlun v. State, 2015 OK CR 7, 348 P.3d 209. That case concerned a conflict within Title 47 regarding whether a first offense aggravated driving under the influence charge should be treated as a misdemeanor or a felony. This Court held that due to the conflict of specific provisions, and as the more specific aggravated section applied, nothing in Title 47 precluded a conviction for misdemeanor DUI after a felony DUI conviction. 2015 OK CR 7, ¶ 11, 348 P.3d at 212. Again, that is not the situation before us and Newlun is not applicable to the instant case.


¶11 While the charge in VanWoundenberg and this case is driving under the influence, rather than a controlled substance offense, we find the analysis in Cooper persuasive. In the absence of any authority prohibiting its application, we find the principle for enhancing the punishment of DUI related offenses to be the same as that for drug related crimes. Therefore, in the present case, the Appellee's sentence could not be enhanced under § 51.1 if all of his prior convictions were for DUI related offenses under Title 47. See Broome v. State, 1968 OK CR 77, ¶ 3, 440 P.2d 761, 763. However, as he also had prior convictions for non-DUI related felonies, those prior convictions could be used to enhance his sentence under the provisions of § 51.1.


¶12 Therefore, the District Court abused its discretion in granting the Motion to Quash and striking the second page of the felony information. The order granting the Motion to Quash is reversed and vacated and the matter is remanded to the District Court for proceedings consistent with this opinion.


DECISION


¶13 The ruling of the District Court granting the Motion to Quash is REVERSED AND VACATED and the case is REMANDED to the District Court for further proceedings consistent with this opinion. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2016), the MANDATE is ORDERED issued upon delivery and filing of this decision.




AN APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY
THE HONORABLE CYNTHIA FERRELL ASHWOOD, DISTRICT JUDGE




 
 

 

 

 
 APPEARANCES IN DISTRICT COURT

 
EMILY J. MUELLER
 ASSISTANT DISTRICT ATTORNEY
 811 MANVEL AVE., STE. 1
 CHANDLER, OK 74834
 COUNSEL FOR THE STATE

 

 
 BARNEY K. BARNETT
 P.O. BOX 365
 CHANDLER, OK 74834
 COUNSEL FOR APPELLEE
 
 

 

 
 APPEARANCES ON APPEAL

 
RICHARD SMOTHERMON
 DISTRICT ATTORNEY
 EMILY J. MUELLER
 ASSISTANT DISTRICT ATTORNEY
 811 MANVEL AVE., STE. 1
 CHANDLER, OK 74834
 COUNSEL FOR THE STATE

 
BARNEY K. BARNETT
 P.O. BOX 365
 CHANDLER, OK 74834
 COUNSEL FOR APPELLEE
 
 
 

 

 
 
 
 

 
 
 
 
 

 

 
 
 
 
 





OPINION BY: LUMPKIN, V.P.J.
SMITH, P.J.: Concur
LEWIS, P.J.: Concur
JOHNSON, J.: Concur
HUDSON, J.: Concur





FOOTNOTES




[1] Rule 3.5(C)(3) provides:


In all instances, an unpublished decision is not binding on this Court. However, parties may cite and bring to the Court's attention the unpublished decisions of this Court provided counsel states that no published case would serve as well the purpose for which counsel cites it, and provided further that counsel shall provide opposing counsel and the Court with a copy of the unpublished decision.











 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 1991 OK CR 26, 806 P.2d 1136, COOPER v. STATE
Discussed at Length
 1996 OK CR 41, 925 P.2d 66, KOLBERG v. STATE
Discussed at Length
 2012 OK CR 3, 269 P.3d 949, STATE v. HOOLEY
Discussed
 2012 OK CR 7, 274 P.3d 161, NELOMS v. STATE
Discussed
 2015 OK CR 7, 348 P.3d 209, NEWLUN v. STATE
Discussed at Length
 1968 OK CR 77, 440 P.2d 761, BROOME v. STATE
Discussed
 1985 OK CR 142, 709 P.2d 696, NOVEY v. STATE
Discussed
 1976 OK CR 113, 550 P.2d 1344, HAYES v. STATE
Discussed
Title 21. Crimes and Punishments
 Cite
Name
Level

 21 O.S. 51.1, Punishment for Second and Subsequent Offenses after Conviction of Offense Punishable by Imprisonment in State Penitentiary
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1053, State or Municipality May Appeal in What Cases
Discussed
Title 47. Motor Vehicles
 Cite
Name
Level

 47 O.S. 11-801, Basic Rule - Maximum Limits - Fines and Penalties
Cited
 47 O.S. 11-902, Persons Under the Influence of Alcohol or Other Intoxicating Substance or Combination Thereof
Cited
 47 O.S. 6-303, Driving While License Under Suspension or Revocation - Penalties - Motorcycles
Cited
 47 O.S. 7-602, Certification of Existence of Security - Exemptions
Cited