TRUSKOLASKI v. STATE



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:TRUSKOLASKI v. STATE

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 TRUSKOLASKI v. STATE
2019 OK CR 4
Case Number: PC-2018-864
Decided: 03/27/2019
JOSEPH TRUSKOLASKI, Petitioner v. THE STATE OF OKLAHOMA, Respondent.

Cite as: 2019 OK CR 4, __ __

 

ORDER GRANTING REQUEST FOR POST-CONVICTION RELIEF AND REMANDING MATTER TO THE
HONORABLE KELLY GREENOUGH, DISTRICT JUDGE, DISTRICT COURT OF TULSA COUNTY, TO ADDRESS PETITIONER'S APPLICATION FOR POST-CONVICTION RELIEF
¶1 On August 21, 2018, Petitioner Truskolaski, pro se, appealed to this Court from an order of the District Court of Tulsa County denying his application for post-conviction relief in Tulsa County District Court Case No. CF-2009-3155. He was convicted in that case of one count of manslaughter, and that conviction was affirmed on direct appeal by this Court in Truskolaski v. State, F-2011-0820 (Okla.Cr. August 13, 2013)(unpublished). What makes this case unusual is that Petitioner then filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Oklahoma, without first seeking relief under the Oklahoma Post Conviction Procedure Act. His attempts in federal court were unsuccessful.
¶2 On May 17, 2018, Petitioner then filed an application for post-conviction relief in the District Court of Tulsa County claiming ineffective assistance of appellate counsel. In an order entered July 23, 2018, filed July 25, 2018, the District Court of Tulsa County, the Honorable Kelly Greenough, District Judge, denied Truskolaski's application for post-conviction relief. Judge Greenough found that Truskolaski's claims were procedurally barred because, prior to filing his application for post-conviction relief, he sought and was denied federal habeas relief on two separate occasions. Judge Greenough determined that Truskolaski's claims were not properly presented for review via post-conviction because he failed to establish that the claims could not have been raised on direct appeal or in his federal petition for writ of habeas corpus. Acknowledging that a claim of ineffective assistance of appellate counsel could be raised for the first time in a post-conviction application, the court nonetheless determined that by choosing to pursue federal habeas relief prior to seeking post-conviction relief in the district court, Truskolaski's ineffective assistance of appellate counsel claim was waived.
¶3 Title 22 O.S. 2011, § 1086 reads as follows:
All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the prior application.
Judge Greenough cites to this statute in support of her finding that Truskolaski's federal habeas petition constitutes "any other proceeding the applicant has taken to secure relief" as specified in the Post-Conviction Procedure Act. Truskolaski's application for relief filed with this Court alleges that Judge Greenough erroneously failed to rule on his post-conviction claims. He argues that his State post-conviction claims are not barred by his previous federal habeas requests for relief, and that had he raised an ineffective assistance of appellate counsel claim in his federal habeas petition, the federal court would have rejected that claim for failure to exhaust his state remedies.
¶4 Whether federal habeas proceedings constitute "any other proceeding the applicant has taken to secure relief" sufficient to bar a state request for post-conviction relief is an issue of first impression before this Court. "Because this claim raises an issue of statutory interpretation, it presents a question of law that this Court reviews de novo." Newlun v. State, 2015 OK CR 7, ¶ 5, 348 P.3d 209, 210--11. One seeking federal habeas relief must generally first exhaust available state remedies. See 28 U.S.C. § 2254. "Under Oklahoma's post-conviction statutes, the only issues that can be raised in post-conviction are those which: "(1) [w]ere not and could not have been raised in a direct appeal; and (2) [s]upport a conclusion either that the outcome of the trial would have been different but for the errors or that the defendant is factually innocent." Bryan v. State, 1997 OK CR 69, ¶ 2, 948 P.2d 1230, 1232. We hold that this phrase from the Post Conviction Procedure Act contemplates remedies under state law and that attempts to secure federal remedies, in this case federal habeas relief, do not constitute "any other proceeding the applicant has taken to secure relief."
¶5 A review of this Court's docket reveals this is Truskolaski's first application for post-conviction relief filed with this Court in this matter. There is nothing in this record indicating that Truskolaski has previously filed any proceeding in state court which would act as a bar to raising the claims he now alleges entitle him to relief.
¶6 Truskolaski's application for post-conviction relief is GRANTED. This matter is REMANDED to the District Court of Tulsa County, the Honorable Kelly Greenough, District Judge, for entry of an order setting forth findings of fact and conclusions of law addressing Petitioner's application for post-conviction relief as required by statute and this Court's Rules. The District Court shall act on the application within thirty days from the date of this order with a certified copy of the order forwarded to this Court and the Petitioner.
¶7 The Clerk of this Court is directed to transmit a copy of this order to the Honorable Kelly Greenough, District Judge, Tulsa County; the Court Clerk of Tulsa County; counsel of record; and Petitioner. 
¶8 IT IS SO ORDERED.
¶9 WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 27th day of March, 2019.
/s/DAVID B. LEWIS, Presiding Judge
/s/DANA KUEHN, Vice Presiding Judge 
/s/GARY L. LUMPKIN, Judge
/s/ROBERT L. HUDSON, Judge
/s/SCOTT ROWLAND, Judge
ATTEST:
John D. Hadden
Clerk




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases
 Cite
Name
Level

 2015 OK CR 7, 348 P.3d 209, NEWLUN v. STATE
Discussed
 1997 OK CR 69, 948 P.2d 1230, 68 OBJ 3659, Bryan v. State
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 1086, Subsequent Application
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA